UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL CROOMS, JOHN LOPEZ, LATRICE SAXON, and STEPHANIE HILL, individually, and on behalf of all others similarly situated, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>SOUTHWEST AIRLINES CO. and KRONOS, INC., <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>No. 1:19-cv-02149 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446, Defendant Southwest Airlines Co. ("Southwest") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Southwest respectfully states as follows:

**I.    BACKGROUND AND TIMELINESS**

1.  On February 6, 2019, Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon and Stephanie Hill, individually, and on behalf of all others similarly situated ("Plaintiffs"), initiated this civil lawsuit against Southwest in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *Darrell Crooms, et al. v. Southwest Airlines Co., et al.*, No. 2019 CH 01610 (the "State Court Action").

2.  Southwest was served with a copy of the summons and complaint in the State Court Action on February 25, 2019.

3. This Notice of Removal is timely filed because it is filed within thirty (30) days of the date that Southwest was served with the initial pleading in compliance with 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. By their Complaint, Plaintiffs contend that Southwest violates the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of "fingerprint" technology. (*See* Ex. 1, Compl. ¶¶ 1, 21-22, 24-28, 56, 59-67.) Specifically, Plaintiffs allege that Southwest violates BIPA by "unlawfully collecting, storing, using, and disseminating [Southwest's employees'] biometric data" (here, "fingerprints") to track their time when employees began and ended their workday without first obtaining informed written consent or publishing their retention policies. (*See id.* ¶¶ 1, 31-36.)

6. Plaintiffs allege that Southwest "systematically disclosed" their "biometric identifiers and/or biometric information" without their knowledge or consent to Kronos, Incorporated ("Kronos"), who Plaintiffs have named as a co-defendant. (Ex. 1, Compl. ¶¶ 22, 25, 42, 45(D), 64, 62, 74.) Plaintiffs also allege that Southwest "systematically disclosed" their "biometric identifiers and/or biometric information" without their knowledge or consent to entities who host their "biometric" data. (*Id.*, ¶¶ 22, 25, 42, 45(D), 63-64, 75.) Plaintiffs further allege that Southwest's disclosures fail to comply with BIPA mandates. (*Id.*, ¶¶ 54, 56.) This Court has held that disclosure allegations similar to those alleged by Plaintiffs are sufficient to allege a "concrete injury for Article III standing." *See Miller v. Southwest Airlines, Co.*, No. 18 CV 00086, 2018 WL 4030590, *1, 3 (N.D. Ill. Aug. 23, 2018) (allegation that "[t]o the extent

2

Defendant . . . failed to obtain consent for any transmission to third parties of Plaintiffs' biometric information," sufficiently alleged "Article III standing.")

7. Based on these allegations, Plaintiffs assert causes of action in their individual and representative capacities for violations of BIPA (Count I) (*see* Ex. 1, Compl. ¶¶ 52-67), and negligence (Count II) (*see id*. ¶¶ 68-77).

8. BIPA provides that a prevailing party may recover, "against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater" (735 ILCS 14/20(1)) and "against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater." *Id*. at 14/20(2).

## II. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

9. Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant, and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).[1] Here, all three conditions are satisfied.

10. As of February 2019, Southwest employed 1,885 employees at Chicago Midway International Airport who have utilized Southwest's timekeeping system under conditions that Plaintiffs allege violate BIPA. (*See* Ex. 2, Declaration of Jennifer Williams, ¶ 6.)

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Southwest does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

11. Plaintiffs' proposed class definition is: "All individuals working for Southwest in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period." (Ex. 1, Compl. ¶ 42.) Plaintiffs allege, upon information and belief, that "there are hundreds" of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable." *See id.* ¶ 43; Ex. 1, Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues, p. 8 n. 1).

12. Because more than 100 of Southwest's employees at Chicago Midway International Airport have utilized Southwest's timekeeping system under conditions that Plaintiffs allege violate BIPA, and Plaintiffs allege the class is constituted of "hundreds" of members, this action involves a putative class of at least 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

13. According to the allegations in the Complaint, Plaintiffs are all natural persons and citizens of Illinois. (Ex. 1, Compl. ¶¶ 2-5.)

14. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See* U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Southwest is a Texas corporation with its principal place of business in Dallas, Texas. (Ex. 1, Compl. ¶ 6; Ex. 2, ¶ 5; Ex. 2, ¶ 5.) Kronos Incorporated is a Massachusetts corporation (*Id.*, ¶ 7), with its principal place of business in Lowell, Massachusetts, *see* Ex. 3 (identifying headquarters address on Massachusetts Secretary of Commonwealth website).

4

15. Because Plaintiffs are citizens of Illinois, Defendant Southwest is a citizen of Texas, and Defendant Kronos is a citizen of Massachusetts, "any member of [the class] of plaintiffs is a citizen of a State different from any defendant," and the parties are minimally diverse. 28 U.S.C. § 1332(d)(2)(A).

16. Finally, the aggregate amount in controversy as pled by Plaintiffs exceeds $5 million. Plaintiffs allege that each putative class member is entitled to $5,000 in statutory damages for every instance the member scanned his or her finger using Southwest's timekeeping system. (Ex. 1, Compl. ¶ 67, Prayer for Relief, ¶ c). As established above, as of February 2019, there were 1,885 individuals employed by Southwest at Chicago Midway International Airport using Southwest's timekeeping system under conditions that Plaintiffs claim violate BIPA. (*See supra* ¶ 10). Even if each of Southwest's 1,885 employees at Chicago Midway International Airport scanned their finger once, the amount in controversy would exceed $5 million.[2] Consequently, the amount in controversy in this matter exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).[3]

17. Alternatively, Plaintiffs contend that Southwest violated no fewer than five (5) provisions of BIPA per Southwest employee. (Ex. 1, Compl. ¶¶ 61-65). Using the $1,000 per violation damages calculation alternatively proposed by Plaintiffs with respect to the 1,885 individuals employed by Southwest at Chicago Midway International Airport using Southwest's timekeeping system under conditions that Plaintiffs claim violate BIPA, the amount in

---

[2] 1,885 employees x $5,000 = $9,425,000.

[3] Southwest denies violating BIPA or that Plaintiffs have alleged an actionable violation of BIPA for each and every time they began and ended their work day. Such a result would conflict with a plain language interpretation of the statute. Nonetheless, for purposes of removal, Plaintiffs' allegations and requested relief must be accepted as true for purposes of determining the amount in controversy.

controversy would exceed $5 million.[4] Consequently, the amount in controversy in this matter exceeds $5 million as required by 28 U.S.C. § 1332(d)(2).

18. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

### III. VENUE AND NOTICE

19. Venue is also proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

20. Southwest will provide written notice of the filing of this Notice of Removal to Plaintiffs, Defendant Kronos, and the Circuit Court of Cook County.

WHEREFORE, Defendant Southwest Airlines Co. hereby removes this civil action to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005.

Dated: March 27, 2019    SOUTHWEST AIRLINES CO.

By: /s/Erin Bolan Hines

Melissa Siebert (*masiebert@shb.com*)
Erin Bolan Hines (*ehines@shb.com*)
**SHOOK HARDY & BACON, L.L.P.**
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

*Counsel for Defendant Southwest Airlines Co.*

---

[4] 1,885 employees x 5 violations x $1,000 = $9,425,000.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via overnight delivery on March 27, 2019 to:

| | |
|---|---|
| Ryan F. Stephan | Frederic T. Knape |
| James B. Zouras | Zachary J. Watters |
| Andrew C. Ficzko | Joseph A. Strubbe |
| Stephan Zouras LLP | Vedder Price |
| 100 N. Riverside Plaza | 222 N. LaSalle St., |
| Suite 2150 | Chicago, IL  60601 |
| Chicago, IL  60606 | |

/s/ Erin Bolan Hines