# Exhibit 1

**12-Person Jury**

FILED
2/6/2019 4:40 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DARRELL CROOMS, JOHN LOPEZ, LATRICE SAXON, and STEPHANIE HILL, individually, and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No.  2019CH01610 |
| v. ) ) | **JURY TRIAL DEMANDED** |
| SOUTHWEST AIRLINES CO. and KRONOS, ) INC., ) ) ) | Hearing Date: 6/7/2019 9:30 AM - 9:30 AM Courtroom Number: 2305 Location: District 1 Court Cook County, IL |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill (collectively "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class"), by and through their attorneys, bring the following Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Southwest Airlines Co. ("Southwest") and Kronos, Inc. ("Kronos"), (collectively, "Defendants"), their subsidiaries and affiliates, to redress and curtail Defendants' unlawful collection, use, storage, dissemination and disclosure of Plaintiffs' sensitive biometric data. Plaintiffs allege as follows upon personal knowledge as to themselves, their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.     This action arises out of Defendants Southwest's and Kronos's systematic violations of BIPA by unlawfully collecting, storing, using and disseminating Plaintiffs' and all other similarly-situated individuals' biometric data. This action seeks to remedy Defendants'

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

illegal practices, whereby Defendants uniformly disregarded Plaintiffs' and all other similarly-situated individuals' statutorily-protected privacy rights in violation of BIPA.

## PARTIES

2.    Plaintiff Darrell Crooms is a natural person and a citizen of the State of Illinois.

3.    Plaintiff John Lopez is a natural person and a citizen of the State of Illinois.

4.    Plaintiff Latrice Saxon is a natural person and a citizen of the State of Illinois.

5.    Plaintiff Stephanie Hill is a natural person and a citizen of the State of Illinois.

6.    Defendant Southwest is a corporation organized and existing under the laws of Texas, with its principal place of business in Texas. Southwest is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County.

7.    Defendant Kronos, Inc., is a Massachusetts corporation registered to do business in Illinois. Upon information and belief, Kronos provides biometric timekeeping devices to Southwest.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because Defendants conduct business transactions in Illinois, committed statutory violations and tortious acts in Illinois, and are registered to conduct business in Illinois.

9.    Venue is proper in Cook County because Defendants conduct business in Cook County and committed the statutory violations alleged herein in Cook County and throughout Illinois.

FILED DATE: 2/6/2019 4:40 PM  2019CH01610

## FACTS

**I.    The Biometric Information Privacy Act**

10.    In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. See 740 ILCS § 14/5.

11.    In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

12.    Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

13.    BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or

3

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a.  Informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

    b.  Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.  Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

14.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

15.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

16.    BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been

satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

17.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at heightened risk for identity theft and left without any recourse.

18.     Plaintiffs, like the Illinois legislature, recognize how imperative it is to keep biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendants Violate the Biometric Information Privacy Act.

19.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented using individuals' biometric data stopped doing so.

20.     However, Defendants failed to take note of the shift in Illinois law governing the collection, use and dissemination of biometric data. As a result, Defendants continue to collect, store, use and disseminate individuals' biometric data in violation of BIPA.

21.     Specifically, when employees are hired by Southwest, they are required to have their fingerprints scanned to enroll them in its Kronos employee database(s).

22.     Upon information and belief, Southwest failed and continues to fail to inform its employees that it discloses or disclosed their fingerprint data to at least one out-of-state third-party vendor, Kronos, and likely others; fails to inform its employees that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform its employees of the purposes and duration for which it collects their sensitive

FILED DATE: 2/6/2019 4:40 PM     2019CH01610

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

biometric data; and fails to obtain written releases from employees before collecting their fingerprints.

23.     Upon information and belief, Kronos fails to inform Southwest employees that it discloses their fingerprint data to other, currently unknown, third parties, which host the biometric data in their data centers; fails to inform Southwest employees of the purposes and duration for which it collects their sensitive biometric data; and, fails to obtain written releases from Southwest employees before colleting their fingerprints.

24.     Furthermore, each Defendant fails to provide Southwest employees with a written, publicly-available policy identifying their retention schedule and guidelines for permanently destroying Southwest employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by BIPA.

25.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA highlights why such conduct – where individuals are aware that they are providing a fingerprint but not aware to whom or for what purposes they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a fingerprint, who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long. Each Defendant disregards these obligations and Southwest employees' statutory rights and instead unlawfully collects, stores, uses and disseminates Southwest employees' biometric identifiers and information, without ever receiving the individual's informed written consent required by BIPA.

26.     Southwest employees are not told what might happen to their biometric data if and when either Defendant merges with another company or worse, if and when either Defendant's

business folds, or when the other third parties that have received their biometric data businesses fold.

27.     Since Defendants neither publish a BIPA-mandated data-retention policy nor disclose the purposes for their collection and use of biometric data, Southwest employees have no idea to whom Defendants sell, disclose, re-disclose, or otherwise disseminate their biometric data. Nor are Plaintiffs and the putative Class told to whom any Defendant currently discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

28.     By and through the actions detailed above, Defendants disregard Plaintiffs' and other similarly-situated individuals' legal rights in violation of BIPA.

III.    **Plaintiffs' Experience**

29.     Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill all worked for Southwest as Ramp Supervisors or similarly-situated positions at Midway Airport located at 5700 S. Cicero Ave, Chicago, IL, 60638.

30.     Plaintiff Crooms worked for Southwest as a Ramp Supervisor from March 15, 2015 until September 26, 2016; Plaintiff Lopez worked as a Ramp Supervisor from October 1, 2011 through the present; Plaintiff Saxon worked as a Ramp Supervisor from November 2016 through the present; and Plaintiff Hill worked as a Ramp Supervisor from June 6, 2016 until November 2017, at which time she was promoted to Customer Service Supervisor until the end of her employment on August 10, 2018.

31.     As a condition of employment, Plaintiffs *were required* to scan their fingerprints so Southwest could use it as an authorization method to track their time.

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

32.     Southwest subsequently stored Plaintiffs' fingerprint data in its database(s), including, but not necessarily limited to, the Kronos database(s).

33.     Plaintiffs were required to scan their fingerprints each time they began and ended their workday.

34.     Plaintiffs have never been informed of the specific limited purposes or length of time for which any Defendant collected, stored, used and/or disseminated their biometric data.

35.     Plaintiffs have never been informed of any biometric data retention policy developed by any Defendant, nor have they ever been informed of whether Southwest or Kronos will ever permanently delete their biometric data.

36.     Plaintiffs have never been provided with nor ever signed a written release allowing Southwest and/or Kronos to collect, store, use or disseminate their biometric data.

37.     Plaintiffs have continuously and repeatedly been exposed to the risks and harmful conditions created by each Defendant's multiple violations of BIPA alleged herein.

38.     A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

39.     As Plaintiffs are not required to allege or prove actual damages in order to state a claim under BIPA, they seek statutory damages under BIPA as compensation for the injuries caused by Defendants. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

40.     Pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, Plaintiffs bring

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

claims on their own behalf and as representatives of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

41.     As discussed *supra*, Section 14/15(b) of BIPA prohibits a company from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

42.     Plaintiffs seek class certification under the Illinois Code of Civil Procedure, 735 § ILCS 5/2-801 for the following class of similarly-situated individuals under BIPA:

> All individuals working for Southwest in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period.

43.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     The claims of the Plaintiffs are typical of the claims of the class; and,

D.     The Plaintiffs will fairly and adequately protect the interests of the class.

### Numerosity

44.     The total number of putative class members exceeds fifty (50) individuals.  The exact number of class members can easily be determined from Southwest's payroll records.

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

## Commonality

45.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiffs and all members of the Class have been harmed by Defendants' failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

A.     Whether Southwest or Kronos collected, captured or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

B.     Whether Southwest or Kronos properly informed Plaintiffs and the Class of their purposes for collecting, using, storing and disseminating their biometric identifiers or biometric information;

C.     Whether Southwest or Kronos obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiffs' and the Class's biometric identifiers or biometric information;

D.     Whether Southwest or Kronos has disclosed or re-disclosed Plaintiffs' and the Class's biometric identifiers or biometric information;

E.     Whether Southwest or Kronos has sold, leased, traded, or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information;

F.     Whether Southwest or Kronos developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction with the individual, whichever occurs first;

G.     Whether Southwest or Kronos complies with any such written policy (if one exists);

H.     Whether Southwest or Kronos used Plaintiffs' and the Class's fingerprints to identify them;

I.     Whether the violations of BIPA were committed negligently; and

J.     Whether the violations of BIPA were committed willfully.

46.     Plaintiffs anticipate that Defendants will raise defenses that are common to the

10

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

class.

### Adequacy

47.     Plaintiffs will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and class members. Plaintiffs, moreover, have retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

### Typicality

48.     The claims asserted by Plaintiffs are typical of the class members they seek to represent. Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

49.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

### Predominance and Superiority

50.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

51.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS § 14/1, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

52.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information..." 740 ILCS § 14/15(b) (emphasis added).

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

54.     BIPA also prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

55.     Furthermore, BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

56.     Southwest and Kronos each fail to comply with these BIPA mandates.

57.     Defendant Southwest is a foreign corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

58.     Defendant Kronos, Inc., is a Massachusetts corporation registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

59.     Plaintiffs and the Class are individuals who have had their "biometric identifiers" collected by Southwest and Kronos (in the form of their fingerprints), as explained in detail in Sections II and III, *supra. See* 740 ILCS § 14/10.

60.     Plaintiffs' and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

61.     Each Defendant systematically and automatically collected, used, stored, disseminated and disclosed Plaintiffs' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

13

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

62.     Upon information and belief, Southwest systematically disclosed Plaintiffs' biometric identifiers and biometric information to at least one out-of-state third-party vendor, Kronos.

63.     Upon information and belief, each Defendant systematically disclosed Plaintiffs' biometric identifiers and biometric information to other, currently unknow, third parties, which hosted the biometric data in their data centers.

64.     Neither Southwest nor Kronos properly informed Plaintiffs or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did either Defendant inform Plaintiffs in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

65.     Neither Southwest nor Kronos provides a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

66.     By collecting, storing, using and disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Southwest and Kronos violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

67.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the

14

FILED DATE: 2/6/2019 4:40 PM    2019CH01610

alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**SECOND CAUSE OF ACTION**
**Negligence**
**(On Behalf of Plaintiffs and the Class)**

68.  Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

69.  Each Defendant owed Plaintiffs and the Class a duty of reasonable care. That duty required Defendants to exercise reasonable care in the collection and use of Plaintiffs' and the Class's biometric data. *See Rosenbach*, 2019 IL 123186, ¶ 33 ("Through the Act, our General Assembly has codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information. The duties imposed on private entities by [BIPA] regarding the collection, retention, disclosure, and destruction of a person's or customer's biometric identifiers or biometric information define the contours of that statutory right.") (internal citations omitted).

70.  Additionally, Southwest owed Plaintiffs and the Class a heightened duty – under which it assumed a duty to act carefully and not put Plaintiffs and the Class at undue risk of harm – because of the employment relationship of the parties.

71.  Each Defendant breached its duty by failing to implement reasonable procedural safeguards around the collection and use of Plaintiffs' and the Class's biometric identifiers and biometric information.

72.  Specifically, each Defendant breached its duty by failing to properly inform Plaintiffs and the Class in writing of the specific purpose and/or length of time for which their fingerprints were being collected, stored, used and disseminated.

15

73.     Each Defendant also breached its duty by failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class's fingerprint data.

74.     Upon information and belief, Southwest breached its duty because it systematically disclosed Plaintiffs' and the Class's biometric identifiers and biometric information to at least one third party: Kronos.

75.     Upon information and belief, each Defendant breached its duty because it systematically disclosed Plaintiffs' and the Class's biometric identifiers and biometric information to other, currently unknown, third parties, which host the biometric data in their data centers.

76.     Each Defendant's breach of its duties proximately caused and continues to cause an invasion of Plaintiffs' and the Class's privacy, in addition to the statutory damages provided in BIPA.

77.     Accordingly, Plaintiffs seek an order declaring that Defendants' conduct constitutes negligence and awarding Plaintiffs and the Class damages in an amount to be calculated at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill respectfully request that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill as Class Representatives, and appointing Stephan Zouras, LLP, as Class Counsel;

B.      Declaring that Defendants' actions, as set forth above, violate BIPA;

C.      Awarding statutory damages of $5,000 for *each* reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.      Declaring that Defendants' actions, as set forth above, constitute negligence;

16

FILED DATE: 2/6/2019 4:40 PM   2019CH01610

E.    Declaring that Defendants' actions, as set forth above, were intentional or reckless;

F.    Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendants to collect, store, use and disseminate biometric identifiers and/or biometric information in compliance with BIPA;

G.    Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

H.    Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and,

I.    Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Date: February 6, 2019               Respectfully Submitted,

*/s/ Andrew C. Ficzko*

Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on February 6, 2019, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

/s/ Andrew C. Ficzko

FILED DATE: 2/6/2019 4:40 PM   2019CH01610



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01610   **SHERIFF NUMBER:** 03017514   **MULT. SER.:** 1   **DOC. TYPE:** CHAN

**DIE DATE:** 03/02/2019   **RECEIVED DATE:** 02/13/2019   **FILED DATE:** 02/07/2019   **DIST:** 604

| | |
|---|---|
| **DEFENDANT:** KRONOS INC | **PLAINTIFF:** CROOMS, DARREL |
| **ADDRESS:** 208 S LASALLE | **ATTORNEY:** STEPHAN ZOURAS LLP |
| **CITY:** CHICAGO | **ADDRESS:** 208 N MICHIGAN 2560 |
| **STATE:** IL   **ZIP CODE:** 60604 | **CITY:** CHICAGO |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60601 |
| **SERVICE INFORMATION:** R/A CT CORP SYS | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _ DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
    **\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

**WRIT SERVED ON:** D HACKETT                     **ATTEMPTED SERVICES**

**SEX:** M   **RACE:** BL   **AGE:** 30                     Date      Time      Star #

**THIS** 20 **DAY OF** Februa 20 19
ry

**TIME:** 9:30 AM

THOMAS J. DART,
SHERIFF, BY: /S/   THOMAS, JOSHUA D/S #11069          , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01610 **SHERIFF NUMBER:** 03017514 **MULT. SER.:** 1 **DOC. TYPE:** CHAN

**DIE DATE:** 03/02/2019 **RECEIVED DATE:** 02/13/2019 **FILED DATE:** 02/07/2019 **DIST:** 604

| Date | Time | Star # |
|------|------|--------|

Hearing Date: 2/20/2019 9:30 AM - 9:30 AM
Courtroom Number:
Location:

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DARRELL CROOMS, JOHN LOPEZ,                )
LATRICE SAXON, and STEPHANIE HILL,         )
individually, and on behalf of all others  )
similarly situated,                        )
                                           )    Case No. 2019-CH-01610
            Plaintiffs,                    )
                                           )
      v.                                   )    FILED
                                           )    2/7/2019 9:19 AM
SOUTHWEST AIRLINES CO. and KRONOS,         )    DOROTHY BROWN
INC.,                                      )    CIRCUIT CLERK
                                           )    COOK COUNTY, IL
            Defendants.                    )    2019CH01610
                                           )

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill ("Plaintiffs"), allege that Defendants Southwest Airlines Co. ("Defendant" or "Southwest") and Kronos, Inc. ("Defendant" or "Kronos") (collectively "Defendants") systematically violated the Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1, *et seq.* This case is well suited for class certification pursuant to 735 ILCS 5/2-801. Specifically, Plaintiffs seek to certify a class consisting of hundreds of former and current similarly-situated employees who worked for Defendant Southwest in the State of Illinois who had their fingerprints unlawfully collected, captured, received, otherwise obtained, or disclosed by Defendants during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiffs' claims and the claims of similarly-situated individuals all arise from Defendants' uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

1

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

Plaintiffs move for class certification to protect members of the proposed class, individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendants. Plaintiffs believe that the evidence and argumentation submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendants) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiffs request that the Court allow them to supplement this briefing and defer the response and reply deadlines.

## I.   RELEVANT BACKGROUND

### A.   The Biometric Information Privacy Act

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

> (1) Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

> (3) Receives a written release executed by the subject of the biometric
> identifier or biometric information."

740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges– which can be changed or replaced if stolen or compromised – fingerprints are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has **no** means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Home Depot, Google+ and Facebook/Cambridge Analytica data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. A showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)). Thus, recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

## A. Factual Allegations

Plaintiffs filed this class action against Defendants on February 6, 2019, to redress Defendants' unlawful collection, use, storage, and disclosure of Southwest employees' biometric information under BIPA. In their Complaint, Plaintiffs provided detailed allegations that

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

Southwest's employees were, and continue to be, universally required to scan their fingerprints for enrollment in an employee database(s) as a condition of their employment, but are not: (1) informed in writing of the purpose(s) and length of time for which fingerprint data is being collected, stored, used, and disseminated by Defendants; (2) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendants; and (3) provided (nor did they execute) a written release for Defendants, as required by BIPA. *See* Compl. ¶¶ 21-24.

All Plaintiffs worked for Southwest as Ramp Supervisors or similarly-situated positions at Midway Airport located at 5700 S. Cicero Ave, Chicago, IL, 60638 during the applicable statute of limitations. *Id.* ¶¶ 29-30. Plaintiff Crooms worked for Southwest as a Ramp Supervisor from March 15, 2015 until September 26, 2016; Plaintiff Lopez worked as a Ramp Supervisor from October 1, 2011 through the present; Plaintiff Saxon worked as a Ramp Supervisor from November 2016 through the present; Plaintiff Hill worked as a Ramp Supervisor from June 6, 2016 until November 2017, at which time she was promoted to Customer Service Supervisor for the duration of her employment until August 10, 2018. *Id.* ¶ 30. As a condition of employment, Plaintiffs were required to scan their fingerprint each time they clocked in and out of work. *Id.* ¶ 33. Southwest subsequently stored Plaintiffs' fingerprint data in its Kronos employee database. *Id.* ¶ 32.

However, Southwest and Kronos failed and continue to fail to inform Plaintiffs and other Southwest employees, of the extent of the purposes for which they collect individuals' sensitive biometric data or to whom the data is disclosed. *Id.* ¶¶ 23, 24, 59, 60, 67. Southwest and Kronos similarly failed to provide Southwest employees, including Plaintiffs, with a written, publicly available policy identifying their retention schedule and guidelines for permanently destroying

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

individuals' fingerprint data when the initial purpose for collecting or obtaining their fingerprint is no longer relevant, as required by BIPA. *Id.* ¶¶ 25, 59-60, 68, 76. Southwest employees, including Plaintiffs, are not told what might happen to their biometric data if and when either Defendant merges with another company or, worse, if and when either Defendant's entire businesses fold. *Id.* ¶¶ 27-28. Since Defendants neither publish a BIPA-mandated data retention policy nor disclose the purposes for their collection of biometric data, Southwest employees, including Plaintiffs, have no idea to whom Defendants sell, disclose, re-disclose, or otherwise disseminate their biometric data. *Id.* ¶¶ 27-28, 59-60, 67-68. Nor are Southwest employees told to whom either Defendant currently discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. *Id.* Finally, Defendants never secured a written release executed by any of Southwest's employees, including Plaintiffs, permitting them to collect, store, use, and disseminate employees' biometric data, as required by BIPA. *Id.* ¶¶ 21, 26, 37, 41, 65.

Accordingly, Defendants' practices violated BIPA. As a result of Defendants' violations, Plaintiffs and similarly-situated individuals were subject to Defendants' common and uniform policies and practices and were victims of their schemes to unlawfully collect, store, use, and disseminate Plaintiffs' and all other similarly-situated individuals' biometric data in direct violation of BIPA. As a result of Defendants' multiple violations of BIPA, Plaintiffs and all other similarly-situated individuals suffered an invasion of privacy and other damages.

Plaintiffs now seek class certification for the following similarly-situated individuals, defined as:

> All individuals working for Southwest in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period.

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

Given Defendants' standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiffs now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before any Defendant has responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiffs' request should be granted.

## II.     STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2-801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

*Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

### III.   ARGUMENT

Plaintiffs' claims here are especially suited for class certification because Defendants treated all Southwest employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiffs meet each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.   The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

7

In the present case, there can be no serious dispute that Plaintiffs meet the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable.[1] As a result of Defendants' violations of BIPA, Plaintiffs and all similarly-situated individuals were subjected to Defendants' common and uniform policies and practices and were victims of Defendants' schemes to unlawfully collect, store, use, and disseminate their extremely personal and private biometric data in direct violation of BIPA. As a result of Defendants' violations of the Act, Plaintiffs and all other similarly-situated individuals suffered an infringement of the rights afforded them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number in the class cannot be determined until discovery records are obtained from Defendants. Nevertheless, class membership can be easily determined by reviewing Defendants' records. A review of Defendants' files regarding the collection, storage, use, and dissemination of Southwest employees' biometric data performed during the class period is all that is needed to determine membership in Plaintiffs' proposed class. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012)[2] (rejecting the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been

---

[1]     Upon information and belief, Southwest employs hundreds of workers in the state of Illinois, many of whom are members of the class.

[2]     "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

8

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")). Once Defendants' records are obtained, the Court will know the precise number of persons affected.

Absent certification of this class action, Southwest employees may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill.App.3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiffs and all other similarly-situated individuals have a means of redress against Defendants for their widespread violations of BIPA.

**B.**   **Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals,

9

the question is will "common . . . issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is Defendants' culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendants disregarded Plaintiffs' and other similarly-situated individuals' statutorily-protected privacy rights and unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendants have violated and continue to violate BIPA because they failed and continue to fail to: (1) inform Plaintiffs or the putative class in writing of the specific purpose(s) and length of time for which their fingerprints were being collected, stored, used, and disseminated as required by BIPA; (2) provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the putative class's fingerprints, as required by BIPA; and (3) receive a written release from Plaintiffs or the putative class to collect, capture, use or otherwise obtain their fingerprints, as required by BIPA. Defendants treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendants' collection, storage, use, and dissemination of Plaintiffs' and the putative class's biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendants' practices of collecting, storing, using and disseminating individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant

would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiffs' claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

**C.      The Named Plaintiffs And Class Counsel Are Adequate Representatives Of The Class.**

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiffs' interest arises from statute. The class representatives, Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill are members of the proposed class and will fairly and adequately protect the class's interests. Plaintiffs, as a condition of employment, were required to have their fingerprints scanned so Defendant Southwest could use them as an authentication method to track their time. Defendant Southwest subsequently stored Plaintiffs' fingerprints in its database(s). Plaintiffs have never been informed of the specific limited purposes (if any) or length of time for which any Defendant, including both Southwest and Kronos, collected, stored, used, or disseminated their biometric data. Plaintiffs have never been informed of any biometric data retention policy developed by any Defendant, nor have they ever been informed whether any Defendant will ever permanently delete their fingerprints. Finally, Plaintiffs have never been provided, nor did they ever sign, a written release allowing any

11

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

Defendant to collect, store, use, or disseminate their fingerprints. Thus, Plaintiffs were victims of the same uniform policies and practices of Defendants as the individuals they seek to represent and are not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiffs have the interests of those class members in mind, as demonstrated by their willingness to sue on a class-wide basis and step forward as the class representative, which subjects them to discovery. (*See* Exhibit A-C – Affidavits of Crooms, Saxon, and Hill). This qualifies them as conscientious representative plaintiffs and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLP, will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. (*See* Exhibit D – Affidavit of Andrew C. Ficzko and the Firm Resume attached thereto as Exhibit D-1). Stephan Zouras, LLP, are recognized attorneys in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts. (*See* Exhibit D, Exhibit D-1). Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

### D. A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corporation*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

12

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

Here, Plaintiffs' claim stems from Defendants' common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

E.    **In The Event The Court Or Defendants Seek More Factual Information Regarding This Motion, The Court Should Allow Supplemental And Deferred Briefing Following Discovery.**

There is no meaningful need for discovery for the Court to certify a class in this matter; Defendants' practices and policies are uniform. If, however, the Court wishes for the Parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiffs a supplemental brief, and defer Defendants' response and Plaintiffs' reply. Plaintiffs are moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiffs are also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiffs' full arguments are set forth based on

13

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## IV.     Conclusion

For the reasons stated above, Plaintiffs respectfully requests that the Court enter an Order: (1) certifying Plaintiffs' claims as a class action; (2) appointing Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon, and Stephanie Hill as Class Representatives; (3) appointing Stephan Zouras, LLP as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiffs to supplement this briefing, and defer response and reply briefs.


Date:    February 7, 2019                              Respectfully Submitted,

                                                       */s/ Andrew C. Ficzko*
                                                       Ryan F. Stephan
                                                       James B. Zouras
                                                       Andrew C. Ficzko
                                                       **STEPHAN ZOURAS, LLP**
                                                       100 N. Riverside Plaza
                                                       Suite 2150
                                                       Chicago, Illinois 60606
                                                       312.233.1550
                                                       312.233.1560 *f*
                                                       Firm ID: 43734
                                                       rstephan@stephanzouras.com
                                                       jzouras @stephanzouras.com
                                                       afizcko@stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on February 7, 2019, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.


_/s/ Andrew C. Ficzko_

15

FILED
2/7/2019 9:19 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# EXHIBIT A

DocuSign Envelope ID: 9709550A-17AD-48A1-A8D6-54AFE868890E

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **DARRELL CROOMS, JOHNNY LOPEZ, LATRICE SAXON, and STEPHANIE HILL, individually,  and on behalf of all others similarly situated,** ) ) ) ) ) | |
| Plaintiffs, ) | **Case No.  2019-CH-01610** |
| ) | |
| **v.** ) | |
| ) | |
| **SOUTHWEST AIRLINES CO. and KRONOS, INC.,** ) ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF DARRELL CROOMS

I, Darrell Crooms, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative.  As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit.  I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: ___1/29/2019___

DocuSigned by:

06880F20D2374EB...

Darrell Crooms

FILED
2/7/2019 9:19 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 2/7/2019 9:19 AM  2019CH01610

# EXHIBIT B

DocuSign Envelope ID: BBC41CA6-6AFD-4B98-B312-D7BEEAF30D05

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DARRELL CROOMS, JOHN LOPEZ,<br>LATRICE SAXON, and STEPHANIE<br>HILL, individually, and on behalf of all<br>others similarly situated,<br><br>                Plaintiffs,<br><br>     v.<br><br>SOUTHWEST AIRLINES CO. and KRONOS,<br>INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.   2019-CH-01610 |

### AFFIDAVIT OF LATRICE SAXON

I, Latrice Saxon, being first duly cautioned, swear and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: _____    1/29/2019

DocuSigned by:

_Latrice Saxon_
EA08C37628074B8...

Latrice Saxon

FILED
2/7/2019 9:19 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# EXHIBIT C

DocuSign Envelope ID: 9BB7A524-766F-408C-B231-F09F405092E4

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DARRELL CROOMS, JOHN LOPEZ,<br>LATRICE SAXON, and STEPHANIE<br>HILL,  individually, and on behalf of all<br>others similarly situated, | ) <br> ) <br> ) <br> ) | |
| | ) | Case No.  2019-CH-01610 |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | |
| SOUTHWEST AIRLINES CO. and KRONOS,<br>INC., | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## AFFIDAVIT OF STEPHANIE HILL

I, Stephanie Hill, being first duly cautioned, swear and affirm as follows:

1.  I am over the age of 18 and competent to testify.

2.  I am the Named Plaintiff and proposed Class Representative in this case.

3.  I understand what it means to be a class representative.  As a class representative, I am looking out for the interests of the other class members.

4.  I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit.  I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: _____    1/29/2019

DocuSigned by:

*Stephanie Hill*

F35AF827B2E048A...

Stephanie Hill

FILED
2/7/2019 9:19 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# EXHIBIT D

FILED DATE: 2/7/2019 9:19 AM  2019CH01610

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

DARRELL CROOMS, JOHN LOPEZ,        )
LATRICE SAXON, and STEPHANIE       )
HILL, individually, and on behalf of all  )
others similarly situated,          )
                                    )        Case No.  2019-CH-01610
              Plaintiffs,           )
                                    )
       v.                           )
                                    )
SOUTHWEST AIRLINES CO. and KRONOS,  )
INC.,                               )
                                    )
              Defendants.           )

## AFFIDAVIT OF ANDREW C. FICZKO

I, Andrew C. Ficzko, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a partner of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: February 7, 2019                      /s/ _____
                                             Andrew C. Ficzko

Subscribed and sworn to
before me on this 7th day of
February, 2019

_____
Notary Public

KERRY D BOWERS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 01, 2021

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# EXHIBIT 1

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

## FIRM PROFILE

**STEPHAN ZOURAS, LLP** is a national law firm which concentrates on helping our clients in complex class and individual litigation. The firm is widely recognized for its leadership, skill, integrity and experience litigating wage and hour law and other employment disputes, mass torts and catastrophic personal injury, consumer protection, cybersecurity, products liability and other complex litigation.  We are routinely appointed lead or co-lead counsel in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact.

Our Chicago-based firm takes pride in litigating cases and getting the best possible results in federal and state courts throughout the United States at both the trial and appellate levels. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions which have collectively resulted in a recovery of more than $100,000,000 for over 100,000 individuals.  Stephan Zouras, LLP has "substantial class action experience [and] have secured multi-million-dollar class recoveries...."  *Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)

## PRINCIPAL ATTORNEYS

**JAMES B. ZOURAS** is a founding principal of Stephan Zouras, LLP.  Dedicating his entire career to combating corporate abuse and injustice, Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation, and catastrophic personal injury actions involving wrongful death, vehicle crashes, products liability, premises liability and construction negligence. Jim has been appointed lead or co-lead counsel on dozens of contested class actions throughout the United States.  He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor.  Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch.  Jim is frequently invited as a speaker at national class action litigation seminars.  Jim is a 1995 graduate of DePaul University College of Law, where he served as Editor of the Law Review and graduated in the top 10% of his class.

**RYAN F. STEPHAN** is a founding principal of Stephan Zouras, LLP.  Throughout his career, Ryan has been a passionate advocate for employee rights, and has helped thousands of clients recover damages in unpaid overtime, employment disputes, business litigation, products liability and personal injury cases.  Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on dozens of complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of dollars in unpaid wages for his clients.  Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.  Ryan is a 2000 graduate from Chicago Kent College of Law

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

Ryan and Jim are admitted to the United States Supreme Court as well as the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted or admitted *pro hac vice* to prosecute class actions in the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Western District of North Carolina, the Superior Court for the State of California, the Central District of Illinois, the District of Minnesota the Eastern District of Michigan, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**ANDREW C. FICZKO** is a partner of Stephan Zouras, LLP. A tireless fighter for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter. A 2009 graduate from Drake University Law School in 2009, Andy is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois has been admitted *pro hac vice* to the Southern District of New York, the Southern and Northern Districts of Iowa, District of Massachusetts, Eastern District of Pennsylvania, and the Western District of Washington. In every consecutive year since 2014, Andy has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**TERESA M. BECVAR** is a partner of Stephan Zouras, LLP. A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination. Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California. In every consecutive year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**CATHERINE T. MITCHELL** is a partner of Stephan Zouras, LLP who graduated from The John Marshall Law School in 2015. Catherine litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Catherine is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin and has been admitted *pro hac vice* to the Southern and Eastern District of New York, the District of Florida-Tampa Division, the Southern District of Iowa and the Eastern District of North Carolina. Catherine

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

earned her Bachelor's Degree from Saint Mary's College where she was a member of the Dean's list and served as a Member Counselor in the Business Enterprise Law Clinic. Catherine is currently an active member of the Women's Bar Association as well as a Director on The John Marshall Law School Alumni Association's Board of Directors.

## ASSOCIATE ATTORNEYS

**HALEY R. JENKINS** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team advocating for clients' biometric privacy rights in cutting-edge cases against employers and biometric device manufacturers that unlawfully collect, store, use and disseminate employees' and consumers' biometrics data. Haley is admitted to practice in Illinois and the District of Colorado and has been admitted *pro hac vice* to the Middle District of Pennsylvania. Haley graduated from the University of Illinois at Urbana-Champaign in 2013 where she majored in English.

**ANNA M. CERAGIOLI** earned her Juris Doctor from Chicago-Kent College of Law where she was named to the Dean's List and elected President of the Moot Court Honor Society. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, unlawful credit checks and consumer fraud. Anna received her undergraduate degree from Marquette University where she double-majored in Writing Intensive English and Politics in Law.

## OF COUNSEL

**DAVID J. COHEN,** a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office. Dave has spent his entire career fighting to protect the rights of thousands of employees, consumers, shareholders, and union members. Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms. Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program. Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of

**STEPHANZOURAS**, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey. He is a member of the American and Philadelphia Bar Associations.

**PHILIP J. GIBBONS, JR.**, a highly-accomplished Plaintiff's class action attorney in his own right, became of counsel to Stephan Zouras, LLP in June 2017. Phil focuses entirely on employment law, with an emphasis on helping employees recover unpaid wages including overtime. Phil began his legal career with a large national law firm, representing and counseling corporations and employers. Since 2001, Phil has exclusively represented employees. Phil is recognized by his peers as a highly skilled employment lawyer. He is listed in Best Lawyers in America and Super Lawyers. In addition, he has a perfect 10.0 rating on Avvo.com and an "A/V" rating with Martindale Hubble, which is the highest rating an attorney can receive. Phil has extensive experience litigating single and multi-plaintiff wage and hour lawsuits under the Fair Labor Standards Act, recovering unpaid overtime and minimum wages for thousands of employees throughout the United States.

Phil is admitted to practice in North Carolina, Indiana, Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Third Circuit Court of Appeals, Tenth Circuit Court of Appeals, U.S. District Courts Western District North Carolina, Middle District North Carolina, Southern District of Indiana, Northern District of Indiana, and Eastern District of Michigan.

## REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS

**Franco, et al. v. Ideal Mortgage Bankers, d/b/a Lend America**      **12/14/17 – Trial Court Judgment**
*No. 07-cv-3956 (United States District Court for the Eastern District of New York)*
The Court entered a $15.2 million judgment on behalf of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Frisari v. DISH Network**      **8/25/16 – Arbitration Judgment**
*No. 18-160-001431-12 (AAA Arbitration)*
The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**      **9/10/2014 – Jury Verdict**
*No. 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)*
Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.

**Lee v. THR**      **5/22/14 – Trial Court Judgment**
*No. 12-cv-3078 (United States District Court for the Central District of Illinois)*
As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**      **12/12/12 - Arbitration Judgment**
*No. 11-160-000355-11 (American Arbitration Association)*

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM  2019CH01610

Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**                     **11/8/12 - Jury Verdict**
*No. 10-cv-7902 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**                     **7/11/12 - Jury Verdict**
*No. 10-cv-6574 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                     **1/30/12 - Jury Verdict**
*No. 08 L 13380 (Circuit Court of Cook County, Illinois)*
Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**                     **10/18/11 - Jury Verdict**
*No. 08-cv-4736 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

**Ferrand v. Lopas**                     **5/22/01 - Jury Verdict**
*No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)*
Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

## REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including:**

**Moseman v. U.S. Bank National Association**                     **1/07/19 – Final Approval**
*No. 17-cv-00481 (United States District Court for the Western District of North Carolina)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of individuals employed as AML/BSA Preliminary Investigators who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Ivy v. Adventist Midwest Health**                     **11/14/18 – Final Approval**
*No. 16-cv-7606 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure class settlement on behalf of Home Health Clinicians who worked in excess of 40 hours per week and were not paid overtime.

**Bhattacharya v. Capgemini, et al.**                     **11/13/18 – Final Approval**
*No. 16-cv-07950 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $990,000.00 was granted and awarded to approximately 900 Indian

C H I C A G O     •     P H I L A D E L P H I A     •     C H A R L O T T E

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

national participants of Capgemini's Group Health Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Carver v. Presence Health Network, et al.**                    **7/10/18 – Final Approval**
*No. 15-cv-02905 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of participants and beneficiaries of benefit plans sponsored by Presence Health based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Lukas v. Advocate Health Care, et al.**                    **6/27/18 – Final Approval**
*No. 14-cv-01873 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP helped achieve final approval of a seven-figure class settlement on behalf of thousands of participants and beneficiaries to Advocate Health Care Network's Pension Plan based on alleged violations of the Employee Retirement Income Security Act ("ERISA").

**Brown v. Health Resource Solutions, Inc.**                    **4/20/18 – Final Approval**
*No. 16-cv-10667 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $900,000.00 in unpaid overtime wages on behalf of Home Health Clinicians who were misclassified as exempt under federal and state wage laws.

**Eggleston v. USCC Services, LLC.**                    **2/16/18 – Final Approval**
*No. 16-cv-06775 (United States District Court for the Northern District of Illinois)*
As co-lead counsel, Stephan Zouras, LLP helped obtain final approval of a $1,250,000 class settlement for unpaid overtime wages on behalf of misclassified Sales Managers.

**Caison v. Sogeti USA, LLC, et al.**                    **2/12/18 – Final Approval**
*No. 17-cv-2786 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a class wide settlement on behalf of hundreds of Business Analysts who worked in excess of 40 hours per week and were not paid proper overtime compensation.

**Kaminski v. Bank of America, N.A.**                    **2/15/18 – Final Approval**
*No. 16-cv-10844 (United States District Court for the Northern District of Illinois)*
Final approval for class settlement in the amount of $850,000 in unpaid wages was granted and awarded to a class of approximately 100 employees working as Senior Specialist-Securities and Operation Market Professionals.

**Byrne v. Centegra Health System**                    **1/29/18 – Final Approval**
*No. 17-cv-00018 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of class settlement for $425,000 in unpaid overtime wages on behalf of registered nurses, physical therapists, occupational therapists, speech therapists and other similarly-designated skilled care positions who were misclassified as exempt under federal and state wage laws.

**Donoghue v. Verizon Communications, Inc.**                    **11/16/17 – Final Approval**
*No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of class settlement for $800,000 in unpaid overtime wages on behalf of wireline workers who were hired to fill in for Verizon employees during a strike.  Despite regularly working 65 hours per week, these

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

employees were classified as exempt and denied overtime wages.

**Tompkins v. Farmers Insurance Exchange**                        **9/27/17 – Final Approval**
*No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)*
The Court granted final approval of a $775,000.00 class settlement on behalf misclassified loan officers seeking unpaid overtime wages.

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**       **5/9/17 – Final Approval**
*No. 11081-VCL (Court of Chancery of the State of Delaware)*
Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears of 235 properties to Seritage Growth Properties.

**Oaks v. Sears**                                                 **4/12/17 – Final Approval**
*No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled on behalf of thousands of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Hauser v. Alexian Brothers Home Health**                       **4/06/17 – Final Approval**
*No. 15-cv-6462 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP settled for $1 million on behalf of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

**Leiner v. Johnson & Johnson**                                  **1/31/17 – Final Approval**
*No. 15-cv-5876 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $5 million settlement for consumers nationwide in a consumer fraud class action. Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**Reed v. Friendly's Ice Cream, LLC, et al.**                    **1/31/17 – Final Approval**
*No. 15-cv-00298 (United States District Court for the Middle District of Pennsylvania)*
Stephan Zouras, LLP served as co-counsel and helped obtain final approval of a $3,500,000 class settlement on behalf of nationwide Servers who were not compensated for off-the-clock worked performed during unpaid meal breaks and after their scheduled shifts.

**McPhearson v. 33 Management**                                  **11/3/16 – Final Approval**
*No. 13-ch-17302 (Circuit Court of Cook County, IL)*
The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                                      **8/2/16 – Final Approval**
*No. 15-cv-07718 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**                   **7/18/16 – Final Approval**
*No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM    2019CH01610

class of 80 cold storage warehouse workers.

### Lukas v. Advocate Health Care                                6/29/16 – Final Approval
*No. 14-cv-2740 (United States District Court for the Northern District of Illinois)*
The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

### Kurgan v. Chiro One Wellness Centers LLC                      4/27/16 – Final Approval
*No. 10-cv-1899 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim, granted Rule 23 certification of Plaintiffs' claims under the Illinois Minimum Wage Law and appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

### Heba v. Comcast                                               4/6/16 – Final Approval
*No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)*
The Court granted class certification to Customer Account Executives who worked at Comcast's Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start time without pay. As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over 6,000 class members.

### Johnson v. Casey's General Stores, Inc.                       3/3/16 – Final Approval
*No. 15-cv-3086 (United States District Court for the Western District of Missouri)*
The Court granted final approval on behalf of a certified class of employees of Casey's General Stores, Inc. to redress violations of the Fair Credit Reporting Act (FCRA).

### Fields v. Bancsource, Inc.                                    2/3/16 – Final Approval
*No. 14-cv-7202 (United States District Court for the Northern District of Illinois)*
The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class of field engineers who were deprived of overtime for hours worked in excess of 40 in given workweeks.

### Elder, et al. v. Comcast Corporation                         1/11/16 – Final Approval
*No. 12-cv-1157 (United States District Court for the Northern District of Illinois)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages in violation of federal law.

### Posada, et al. v. Continental Home Loans, Inc.               1/13/16 - Final Approval
*15-cv-4203 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of a class of loan officers deprived of minimum and overtime wages.

### Struett v. Susquehanna Bank                                  10/27/15 – Final Approval
*No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid overtime wages for 31 misclassified loan officers.

### Faust, et al. v. Comcast Corporation                         10/11/15 - Final Approval
*No. 10-cv-2336 (United States District Court for the Northern District of Maryland)*
The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras, LLP lead counsel for a class of call center employees.

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Butler, et al. v. Direct Sat**                                    **9/3/15 - Final Approval**
*No. 10-cv-08747 DKC (United States District Court for the District of Maryland)*
Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class of technicians working in DirectSat's Maryland warehouses who were not paid overtime.

**Sosnicki v. Continental Home Loans, Inc.**                        **7/30/15 - Final Approval**
*No. 12-cv-1130 (United States District Court for the Eastern District of New York)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Bordell v. Geisinger Medical Center**                            **4/8/15 – Final Approval**
*No. 12-cv-1688 (Northumberland Court of Common Pleas)*
The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.**                        **3/23/15 – Final Approval**
*No. 11-cv-3036 (United States District Court for the Northern District of Iowa)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

**Price v. NCR Corporation**                                       **3/18/15 – Final Approval**
*No. 51-610-908-12 (AAA Arbitration)*
As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC**                        **1/15/15 – Final Approval**
*No. 13-cv-3473 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.**                         **12/15/14 – Final Approval**
*No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven-figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.**        **5/7/14 – Final Approval**
*No. 08-cv-2746 (United States District Court for the Northern District of Illinois)*
**and, Hawkins v. Securitas Security Services USA, Inc.**
*No. 09-cv-3633 (United States District Court for the Northern District of Illinois)*
For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services**                          **2/12/14 – Final Approval**
*No. 10-cv-5093 (United States District Court for the Northern District of Illinois)*
As lead counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM  2019CH01610

**Ingram v. World Security Bureau**                                  12/17/13 – Final Approval
*No. 11-cv-6566 (United States District Court for the Northern District of Illinois)*
Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                               9/30/13 – Final Approval
*No. 08-cv-04950 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Outlaw v. Secure Health, L.P.**                                    9/24/13 – Final Approval
*No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                           8/5/13 – Final Approval
*No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid overtime wages for misclassified cable television installers.

**Holland v. Securitas Security Services USA, Inc.**                 7/26/13- Final Approval
*No. BC 394708 (Superior Court of California, County of Los Angeles)*
As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankuski v. Heath Consultants, Inc.**                              7/2/13 - Final Approval
*No. 12-cv-04549 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                       6/21/13 – Final Approval
*No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered $3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                        6/13/13 – Final Approval
*No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                      5/15/13 - Final Approval
*No. 09-cv-459 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of security guards deprived of minimum wages and overtime in violation of federal and state law.

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Pomphrett v. American Home Bank**                           3/14/13 – Final Approval
*No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)*
The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in unpaid overtime wages for misclassified loan officers.

**Murphy v. Rayan Brothers, et al.**                          2/22/13 - Final Approval
*No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**Glatts v. Crozer-Keystone Health System**                  2/6/13 – Final Approval
*No. 0904-1314 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**               1/23/13 - Final Approval
*No. 12-cv-891 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**Piehl v. Baytree National Bank**                           1/3/13 - Final Approval
*No. 12-cv-1364 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**                  11/19/12 - Final Approval
*No. 07-cv-3909 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**   11/14/12 - Final Approval
*No. 09-cv-7293 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**   11/8/12 - Final Approval
*No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**   11/6/12 – Final Approval
*No. 11-cv-5268 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

# STEPHANZOURAS, LLP
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

**Molyneux, et al. v. Securitas Security Services USA, Inc.**          **11/5/12 - Final Approval**
*No. 10-cv-588 (United States District Court for the Southern District of Iowa)*
As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

**Davis v. TPI Iowa, LLC**          **9/6/12 - Final Approval**
*No. 11-cv-233 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**          **5/28/12 - Final Approval**
*No. 09-cv-3368 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**          **5/24/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.

**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**          **3/21/12 - Final Approval**
*No. 11-cv-1701 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**          **1/26/12 - Final Approval**
*No. 11-cv-249 (United States District Court for the Southern District of Iowa)*
As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**          **9/21/11 - Final Approval**
*No. 10-cv-1506 (United States District Court for the Northern District of Illinois)*
Stephan Zouras, LLP achieved a six-figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**          **8/5/11 - Final Approval**
*No. 08-cv-4951 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**          **6/16/11 - Final Approval**
*No. 08-cv-4737 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**          **6/1/11 - Final Approval**
*No. 51 460 00557 10 (AAA Arbitration)*
Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.

CHICAGO  •  PHILADELPHIA  •  CHARLOTTE

# STEPHANZOURAS, LLP

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

**Turner v. Mercy Health System**                                                    4/20/11 – Final Approval
*No. 0801-3670 (Philadelphia Court of Common Pleas)*
The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**                                              3/4/11 - Final Approval
*No. 10-cv-01130 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**Havard v. Osceola Foods, Inc., et al.**                                            2/28/11 - Final Approval
*No. LA CV 0111290 (Iowa District for Clarke County, Iowa)*
As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**                                          1/27/11 - Final Approval
*No. 10-cv-00220 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Anderson v. JCG Industries, Inc.**                                                 9/2/10 - Final Approval
*No. 09-cv-1733 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

**Cedeno, et al. v. Home Mortgage Desk, Corp., et al.**                              6/15/10 - Final Approval
*No. 08-cv-1168 (United States District Court for the Eastern District of New York)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six-figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

**Perkins, et al. v. Specialty Construction Brands, Inc.**                           11/15/09 - Final Approval
*No. 09-cv-1678 (United States District Court for the Northern District of Illinois)*
As lead class counsel, Stephan Zouras, LLP achieved a six-figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

**Wineland, et al. v. Casey's General Stores, Inc.**                                 10/22/09 - Final Approval
*No. 08-cv-00020 (United States District Court for the Southern District of Iowa)*
Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Jones, et al. v. Casey's General Stores, Inc.**                                    10/22/09 - Final Approval
*No. 07-cv-400 (United States District Court for the Southern District of Iowa)*

CHICAGO     •     PHILADELPHIA     •     CHARLOTTE

# STEPHANZOURAS, LLP
## ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven-figure settlement on behalf of a Section 2 l 6(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Stuart, et al. v. College Park, et al.**                                   12/11/07 - Final Approval
*No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Huebner et al. v. Graham C Stores**                                   11/15/07 - Final Approval
*No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six-figure settlement for over 100 employees.

**Perez, et al. v. RadioShack Corporation**                                   9/14/07 - Final Approval
*No. 02-cv-7884 (United States District Court for Northern District of Illinois)*
The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**                                   4/3/07 - Final Approval
*No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)*
The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**                                   11/20/06 - Final Approval
*No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

**Ciesla, et al. v. Lucent Technologies, Inc.**                                   7/31/06 - Final Approval
*No. 05-cv-1641 (United States District Court for the Northern District of Illinois)*
The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven-figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**                                   7/25/05 - Final Approval
*No. 04-cv-2009 (United States District Court for the District of New Jersey)*
The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**                                        **3/22/05 - Final Approval**
*No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

## BIOMETRIC INFORMATION PRIVACY CLASS ACTION LAWSUITS

**Our firm is at the forefront of BIPA litigation to protect the biometric data and privacy of employees and consumers. We have brought numerous class action lawsuits against employers and other retail businesses who have collected biometric data without consent and without instituting the proper safeguards including;**

- **Battles, et al v. Southwest Airlines Co., et al.**
  *No. 2018-CH-09376 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bello, et al. v. The Parc at Joliet, LLC**
  *No. 2018-CH-1888 (Circuit Court of Will County, State of Illinois)*
- **Bryant, et al. v. Loews Chicago Hotel, Inc., et al.**
  *No. 2018-CH-09477 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Bryski, et al. v. Nemera Buffalo Grove, LLC, et al.**
  *No. 2018-CH-07264 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cacy, et al. v. Agco Corporation, et al.**
  *No. 2018-CH-09968 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Chatman, et al. v. Crate and Barrel**
  *No. 2018-CH-09277 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Cothron v. White Castle, et al.**
  *No. 2018-CH-15233 (Circuit Court of Cook County, Chancery Division)*
- **Diaz, et al. v. Silver Cross Hospital**
  *No. 2018-CH-1327 (Circuit Court of Will County, State of Illinois)*
- **Doporcyk, et al. v. Mariano's**
  *No. 17-cv-05250 (United States District Court for the Northern District of Illinois)*
- **Dixon, et al. v. Smith Senior Living**
  *No. 17-cv-08033 (United States District Court for the Northern District of Illinois)*
- **Edmond, et al. v. DPI Specialty Foods, Inc., et al.**
  *No. 2018-CH-09573 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Fields, et al. v. Abra Auto Body & Glass**
  *No. 17-CH-12271 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Figueroa, et al. v. Tony's Fresh Market, et al.**
  *No. 2018-CH-15728 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **George, et al. v. Marriot International, Inc., et al.**
  *No. 2018-CH-04413 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

C H I C A G O   •   P H I L A D E L P H I A   •   C H A R L O T T E

**STEPHANZOURAS, LLP**
ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM 2019CH01610

- **Goings, et al. v. Applied Acoustics**
  *No. 17-CH-14954 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al. v. St. Bernard Hospital, et al.**
  *No. 2017-CH-16828 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Heard, et al v. THC-North Shore, Inc.**
  *No. 2017-CH-16918 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Henderson, et al. v. ADP, LLC, et al.**
  *No. 2018-CH-07139 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jackson, et al. v. A. Finkl & Sons, Co., et al.**
  *No. 2018-CH-07424 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Johns, et al. v. Club Fitness of Alton, LLC**
  *No. 2018-L-000080 (Circuit Court of Madison County, Law Division, State of Illinois)*
- **Johnson, et al. v. Gold Standard Baking, Inc., et al.**
  *No. 2018-CH-09011 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Jones, et al. v. Hooters Management Corporation, et al.**
  *No. 2018-Ch-00908 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Kane, et al. v. Con-Tech Lighting, et al.**
  *No. 2018-CH-12194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Krause, et al. v. Caputo's New Farm Produce, et al.**
  *No. 2018-Ch-11660 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Liu, et al. v. Four Seasons**
  *No. 17-CH-14949 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mazya, et al. v. Northwestern Lake Forest Hospital, et al.**
  *No. 2018-CH-07161 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mims, et al. v. Hilton**
  *No. 17-CH-15781 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Imperial Towers Condominium Assn.**
  *No. 2018-CH-00989 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Morris, et al. v. Wow Bao**
  *No. 17-CH-12029 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Mosby, et al. v. The Ingalls Memorial Hospital, et al.**
  *No. 2018-CH-05031 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ogen, et al. v. Wyndham Hotels & Resorts**
  *No. 17-CH-15626 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Peaks-Smith, et al. v. Saint Anthony Hospital, et al.**
  *No. 2018-CH-07077 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Ramsey, et al. v. Daley's Medical Transportation, Inc.**
  *No. 2018-CH-01935 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Robertson, et al. v. Hostmark Hospitality Group, Inc., et al.**
  *No. 2018-CH-05194 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Sanchez, et al v. Elite Labor Services**
  *No. 2018-CH-02651 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Stidwell, et al. v. NFI, LLC, et al.**
  *No. 2018-CH-13599 (Circuit Court of Cook County, Chancery Division, State of Illinois)*
- **Tellado, et al. v. Rich Products Corporation, et al.**
  *No. 2018-CH-07627 (Circuit Court of Cook County, Chancery Division, State of Illinois)*

**STEPHANZOURAS, LLP**

ATTORNEYS AT LAW

100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
P 312-233-1550 | F 312-233-1560
stephanzouras.com

FILED DATE: 2/7/2019 9:19 AM   2019CH01610

- **Thome, et al. v. Flexicorps, Inc.**
  *No. 2018-CH-01751 (Circuit Court of Cook County, Chancery Division)*
- **Thurman, et al. v. Northshore University HealthSystem**
  *No. 2018-CH-03544 (Circuit Court of Cook County, Chancery Division)*
- **Treadwell, et al. v. Power Solutions International, Inc., et al.**
  *No. 2018-CH-13574 (Circuit Court of Cook County, Chancery Division)*
- **Watts, et al. v. Chicago Lakeshore Hospital**
  *No. 17-cv-07713 (United States District Court for the Northern District of Illinois)*
- **White v. East Side Child Development Center, et al.**
  *No. 2018-CH-09599 (Circuit Court of Cook County, Chancery Division)*

CHICAGO   •   PHILADELPHIA   •   CHARLOTTE

Return Date: No return date scheduled
Hearing Date: 3/28/2019 9:30 AM - 9:30 AM
Courtroom Number:
Location:

FILED
3/21/2019 12:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 3/21/2019 12:50 PM   2019CH01610

Appearance and Jury Demand *                                                      (03/08/19) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY     DEPARTMENT/ XXXX~~DISTRICT~~ CHANCERY DIVISION

DARRELL CROOMS, et al.

                                                    Plaintiff

v.

SOUTHWEST AIRLINES CO. and KRONOS, INC.

                                                    Defendant

Case No.  2019-CH-01610

Claimed $: _____

Return Date: _____  Time: _____

Court Date: _____  Room No.: _____

Address of Court District for Filing

### APPEARANCE ~~AND JURY DEMAND~~ *

☑ General Appearance

☐ Jury Demand*

☑ 0900 - Fee Paid
☐ 0908 - Trial Lawyers Appearance - No Fee
☐ 1900 - Appearance and Jury Demand/Fee Paid
☐ 1909 - Appearance and Jury Demand/No Fee Paid

☐ 0904 - Fee Waived

☐ Twelve-person Jury
☐ Six-person Jury

The undersigned enters the appearance of:   ○ Plaintiff   ● Defendant

Litigant's Name:  KRONOS INCORPORATED

Signature: _[signature]_

☑ Initial Counsel of Record     ☐ Pro Se (Self-represented)     ☐ 2810  Rule 707 Out-of-State Counsel
                                                                    (pro hac vice)

☐ Additional Appearance     ☐ Substitute Appearance

● Atty. No.:  44284          ○ Pro Se 99500

Name:  Zachary J. Watters

Atty. for (if applicable):

KRONOS INCORPORATED

Address:  222 N. LaSalle Street, Suite 2400

City:  Chicago, IL 60601

State:  IL   Zip:  60601   Phone:  312-609-7500

Primary Email: jstrubbe@vedderprice.com

**IMPORTANT**
Once this Appearance form is filed, photocopies of this
form must be sent to all other parties named in this case (or
to their attorneys) using either regular mail, fax, email or
personal delivery.  (See Illinois Supreme Court Rules 11 and
13 for more information.)

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office
Electronic Notice Policy and choose to opt in to electronic
notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the
Court to be in default for failure to plead.

_[signature]_

Attorney for  ○ Plaintiff  ● Defendant

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 1

FILED
3/21/2019 12:58 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 3/21/2019 12:58 PM   2019CH01610

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

DARRELL CROOMS, JOHN LOPEZ,
LATRICE SAXON, and STEPHANIE
HILL, individually, and on behalf of all
others similarly situated,

        Plaintiffs,

v.

SOUTHWEST AIRLINES CO. and
KRONOS, INC.,

        Defendants.

No. 2019-CH-01610

## NOTICE OF MOTION

To:    Andrew C. Ficzko
       Stephan Zouras, LLP
       100 N. Riverside Plaza, Suite 2150
       Chicago, IL 60606

       On March 28, 2019, at 9:30 a.m., or as soon thereafter as counsel may be heard,
I shall appear before the Honorable Judge Meyerson or any judge sitting in His stead, in
the courtroom usually occupied by His in Room 2305, and shall then and there present
the attached UNOPPOSED MOTION BY DEFENDANT KRONOS INCORPORATED
FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD.

                    Respectfully submitted,

                    KRONOS INCORPORATED


                    By:   /s/ Zachary J. Watters
                            By Its Attorneys

FILED DATE: 3/21/2019 12:58 PM   2019CH01610

Joseph A. Strubbe
Frederic T. Knape
Zachary J. Watters
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
Firm ID No. 44284

Dated:  March 21, 2019

FILED DATE: 3/21/2019 12:58 PM   2019CH01610

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that true and correct copies of the foregoing Notice of Motion and Unopposed Motion by Defendant Kronos Incorporated for Extension of Time to Answer or Otherwise Plead were served on:

> Andrew C. Ficzko
> Stephan Zouras, LLP
> 100 N. Riverside Plaza, Suite 2150
> Chicago, IL 60606

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on March 21, 2019.

/s/ Zachary J. Watters

Return Date: No return date scheduled
Hearing Date: 3/28/2019 9:30 AM - 9:30 AM
Courtroom Number:
Location:

FILED
3/21/2019 12:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01610

FILED DATE: 3/21/2019 12:50 PM   2019CH01610

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DARRELL CROOMS, JOHN LOPEZ,
LATRICE SAXON, and STEPHANIE HILL,
individually, and on behalf of all others
similarly situated,

        Plaintiffs,

v.

SOUTHWEST AIRLINES CO. and
KRONOS, INC.,

        Defendants.

No. 2019CH01610

## UNOPPOSED MOTION BY DEFENDANT KRONOS INCORPORATED FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendant Kronos Incorporated ("Kronos"), by its attorneys, Vedder Price P.C., respectfully moves for an extension of time until April 5, 2019, to answer or otherwise plead to the Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon and Stephanie Hill (collectively "Plaintiffs"). In support of this Unopposed Motion, Kronos states as follows:

1.      This action was commenced on or about February 6, 2019, when Plaintiffs filed the Complaint.

2.      Kronos was served with the Complaint and Summons on or about February 20, 2019.

3.      Currently, Kronos' responsive pleading is due on March 22, 2019.

4.      Kronos recently retained the undersigned counsel to represent it in this case. Kronos' counsel respectfully requests additional time to review Plaintiffs' allegations and appropriately respond to Plaintiffs' Complaint.

FILED DATE: 3/21/2019 12:50 PM   2019CH01610

5.      On March 19, 2019, Kronos' counsel contacted Plaintiffs' counsel to request agreement to this extension of time to answer or otherwise respond to the Complaint. Plaintiffs' counsel advised that he agreed to the same.

6.      This is Kronos' first request for an extension of time to answer or otherwise respond to the Complaint.

7.      This Motion is not made for purposes of harassment or delay and no prejudice will result from the granting of this motion.

WHEREFORE, Defendant Kronos Incorporated respectfully requests that this Court grant its Unopposed Motion for Extension of Time to Answer or Otherwise Plead and allow Kronos until April 5, 2019, to answer or otherwise respond to Plaintiffs' Complaint and provide any other relief that is equitable and just.

Respectfully submitted,

KRONOS INCORPORATED

By:    /s/ Zachary J. Watters
                One of Its Attorneys

Joseph A. Strubbe
Frederic T. Knape
Zachary J. Watters
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
Firm ID No. 44284

Dated:  March 21, 2019

FILED DATE: 3/21/2019 12:50 PM   2019CH01610

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing Motion by

Defendant Kronos Incorporated for Extension of Time to Answer or Otherwise Plead was

served on:

> Andrew C. Ficzko
> Stephan Zouras, LLP
> 100 N. Riverside Plaza,
> Suite 2150
> Chicago, IL 60606

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle

Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on March 21, 2019.

/s/ Zachary J. Watters
_____
