IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL CROOMS, JOHN LOPEZ, LATRICE SAXON, and STEPHANIE HILL, individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | No. 1:19-cv-02149 |
| SOUTHWEST AIRLINES CO. and KRONOS INCORPORATED, | Judge John Robert Blakey |
| Defendants. | |

## DEFENDANT KRONOS INCORPORATED'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, TO STRIKE AMENDED CLASS ACTION COMPLAINT

Joseph A. Strubbe
Frederic T. Knape
Zachary J. Watters
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
312/609-7500
jstrubbe@vedderprice.com
fknape@vedderprice.com
zwatters@vedderprice.com

*Attorneys for Defendant Kronos Incorporated*

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ..................................................................................................... 3

        A.      The Sole Factual Allegation that Kronos Provided the Finger Scan Device
                to Southwest Is Not Sufficient to Subject Kronos to BIPA under Federal
                Pleading Standards ................................................................................ 3

        B.      Kronos Can Rely upon the Alternative Dispute Resolution Defenses
                Raised by Southwest because Plaintiffs Do Not Allege Any Basis for
                Independent Liability against Kronos ...................................................... 6

        C.      BIPA Does Not Apply to Third-Party Hardware Vendors, and Plaintiffs'
                Attempt to Expand the Reach of the Statute Should be Rejected ......................... 8

                1.      The Amended Complaint does not plead that Kronos exercised
                        dominion or control over Southwest employee finger scan data for
                        purposes of Section 15(a) and (d) ................................................ 9

                2.      Kronos has a privacy policy in compliance with BIPA, and
                        Plaintiffs' construction of Section 15(a) is flawed .................................. 10

                3.      The written release required by Section 15(b) arises in the context
                        of employment, and Plaintiff's construction of that provision is not
                        consistent with the statute ........................................................ 11

                4.      Plaintiffs conflate the separate provisions in Section 15(d) and (e)
                        because transmitting finger scan data for storage in a data center
                        does not constitute a prohibited disclosure ........................................ 14

        D.      Payment in Exchange for Work Is a Payroll Financial Transaction That
                Was Authorized by Plaintiffs for Purposes of Section 15(d)(2) ......................... 16

        E.      BIPA Is Not a Strict-Liability Statute, and Plaintiffs Cannot Disavow
                Their Pleading Burden to Allege Entitlement to Liquidated Damages by
                Pursuing a Technical Violation of the Act ............................................ 17

III.    CONCLUSION ................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agnew v. Nat'l Collegiate Athletic Ass'n,*
    683 F.3d 328 (7th Cir. 2012) .................................................................................10

*Am. United Logistics, Inc. v. Catellus Dev. Corp.,*
    319 F.3d 921 (7th Cir. 2003) ....................................................................................8

*Atkins v. Hasan,*
    2015 U.S. Dist. LEXIS 80176 (N.D. Ill. June 22, 2015) ..........................................4

*Bank of Am., N.A. v. Knight,*
    725 F.3d 815 (7th Cir. 2013) ....................................................................................4

*Battles v. Southwest Airlines, Co. et al.,*
    No. 18 CH 09376 (Cir. Ct. Cook Cnty., July 25, 2018) ...........................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................6

*Bernal v. ADP, LLC,*
    17-CH-12364 (Cir. Ct. Cook Cnty., Aug. 23, 2019) ..................................... *passim*

*Braun v. Client Servs., Inc.,*
    14 F. Supp. 3d 391 (S.D.N.Y. 2014)........................................................................19

*Brickstructures, Inc. v. Coaster Dynamix, Inc.,*
    2017 U.S. Dist. LEXIS 159681 (N.D. Ill. Sept. 28, 2017) .......................................6

*Cameron v. Polar Tech Indus.,*
    19-CH-00013 (Cir. Ct. Dekalb Cnty., Aug. 23, 2019).............................2, 5, 8, 13

*In re Hernandez,*
    918 F.3d 563 (7th Cir. 2019) ..................................................................................18

*Honeywell Int'l, Inc. v. Dep't of Revenue of State of Ill.,*
    851 N.E.2d 79 (Ill. App. Ct. 2006) ...........................................................................9

*Huggins v. SpaClinic, LLC,*
    2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010)........................................19

*Johnson v. Noble,*
    608 N.E.2d 537 (Ill. App. Ct. 1992) .........................................................................8

*Long v. Elborno,*
    397 Ill. App. 3d 982 (1st Dist. 2010) ......................................................................18

*Mazya v. Northwestern Lake Forest Hosp.*,
    No. 19-cv-03191 (N.D. Ill. June 19, 2019)...............................................................7

*McGinnis v. U.S. Cold Storage, Inc.*,
    2019 U.S. Dist. LEXIS 848 (N.D. Ill. Jan. 3, 2019) ............................................16

*Miller v. Southwest Airlines Co.*,
    2019 U.S. App. LEXIS 17803 (7th Cir. June 13, 2019)..........................................7

*Oil Express Nat'l v. Burgstone*,
    1996 U.S. Dist. LEXIS 16938 (N.D. Ill. Nov. 13, 1996) ........................................6

*Patel v. Fendler*,
    2016 U.S. Dist. LEXIS 10160 (S.D. Ill. Jan. 28, 2016)...........................................4

*Pooh-Bah Enters. v. Cnty. of Cook*,
    905 N.E.2d 781 (Ill. 2009).....................................................................................13

*Rivera v. Google Inc.*,
    238 F. Supp. 3d 1088 (N.D. Ill. 2017) ..................................................................18

*Rosenbach v. Six Flags Entertainment Corp.*,
    2019 IL 123186...............................................................................2, 3, 14, 18, 19

*Sekura v. Krishna Schaumburg Tan, Inc.*,
    2018 IL App (1st) 180175......................................................................................18

*Teverbaugh ex rel. Duncan v. Moore*,
    724 N.E.2d 225 (Ill. App. Ct. 2000) ..............................................................10, 15

**Statutes**

740 ILCS 14/5...........................................................................................................11, 14

740 ILCS 14/10................................................................................................................11

740 ILCS 14/15(a) ....................................................................................................10, 12

740 ILCS 14/15(b) ....................................................................................................10, 12

740 ILCS 14/15(b)(2) ...............................................................................................16, 17

740 ILCS 14/15(d)(1) .....................................................................................................15

740 ILCS 14/15(d)(4) .....................................................................................................15

740 ILCS 14/20................................................................................................................18

740 ILCS 14/20(1) ....................................................................................................17, 18

740 ILCS 14/20(2) ................................................................................17, 18

45 U.S.C. § 181 .......................................................................................1

**Other Authorities**

Black's Law Dictionary (10th ed. 2014) ..........................................9, 15

Illinois Supreme Court Rule 308 .........................................................18

## I.    INTRODUCTION

The claims against Defendant Kronos Incorporated ("Kronos") should be dismissed because the Amended Class Action Complaint ("Amended Complaint") is based upon deficient allegations and a misapplication of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act").   In their opposition brief, Plaintiffs Darrell Crooms, John Lopez, Latrice Saxon and Stephanie Hill (collectively, "Plaintiffs") mischaracterize their allegations, contending that Kronos harvests Defendant Southwest Airlines Co. ("Southwest") employee biometric data and that the finger scan devices transmit the data for storage to servers owned and controlled by Kronos.  Nowhere does the Amended Complaint contain any such allegations, and a complaint may not be amended in a brief opposing a motion to dismiss.

Nor would such allegations save Plaintiffs' claims.  Kronos merely provided finger scan devices, which Southwest used for timekeeping purposes and to process payroll.  Kronos does not host Southwest employee finger scan data or otherwise collect, capture, use, store, disseminate or disclose the data.  Plaintiffs are privy to these facts and acknowledge that Kronos does not provide data storage services for all of its customers.  Plaintiffs nevertheless belie reality and ask for the benefit of imagination, even though there are no well-pleaded allegations in the Amended Complaint and no real world facts that would subject Kronos to BIPA's notice and consent requirements or support a violation of the statute.

Plaintiffs contend that their claims against Kronos are independent of their claims against Southwest, but the Amended Complaint demonstrates that Plaintiffs seek to impose derivative liability against Kronos, entitling Kronos to assert and rely upon the preemption defenses raised by Southwest pursuant to Railway Labor Act, 45 U.S.C. § 181 *et seq.* ("RLA"), Southwest's alternative dispute resolution program, and the prior mediation agreement to which Kronos is an intended third-party beneficiary.

Plaintiffs also double down on their misapplication of BIPA in a misguided attempt to expand the notice and consent requirements to a third-party hardware vendor. To do so, Plaintiffs ignore the cannons of statutory construction, and instead fall back on their formulaic recitation of the statutory language. Plaintiffs emphasize that they allege "no fewer than 14 times that Kronos captured, collected, and stored their biometric data." (MTD Opp. at 13.) Regardless of such rote and mechanical allegations, providing a finger scan device is insufficient to subject Kronos to BIPA no matter how many times Plaintiffs parrot the statutory language.

In fact, two Illinois circuit court recently rejected virtually identical allegations as being insufficient to subject a third-party hardware vendor to BIPA. *Bernal v. ADP, LLC*, 17-CH-12364 (Cir. Ct. Cook Cnty., Aug. 23, 2019) (a copy of the memorandum opinion and order is attached as **Exhibit A**); *Cameron v. Polar Tech Indus.*, 19-CH-00013 (Cir. Ct. Dekalb Cnty., Aug. 23, 2019) (a copy of the hearing transcript is attached as **Exhibit B**). In dismissing claims under Section 15 of the Act, both courts found that the Illinois General Assembly did not intend for the notice and consent provisions to apply to a vendor like Kronos whose only involvement is limited to providing biometric scanning technology to an employer. The court in *Cameron* further held that the consent requirement in Section 15(b) does not apply to a third party vendor as a matter of law, dismissing that claim with prejudice. *See also Bernal*, 17-CH-12364, at 2 ("[T]here is nothing to suggest that BIPA was intended to apply to situations wherein the parties are without any direct relationship.").

Lastly, Plaintiffs seek to disavow their pleading burden and treat BIPA like a strict-liability statute, asserting that they are entitled to recover liquidated damages without pleading a negligent, willful or reckless violation of the Act. Plaintiffs also contend that the Illinois Supreme Court decision in *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186 confirms that they need not plead or prove actual damages. The statutory requirements for a right of action in Section 20 are not standards for measuring culpability, as Plaintiffs suggest, and the Illinois Supreme Court

in *Rosenbach* did not alleviate or excuse Plaintiffs from satisfying these pleading requirements to recover liquidated damages of $1,000 or $5,000 per class member for each of multiple alleged violations.  Limited allegations of noncompliance with BIPA's notice and consent provisions are insufficient to recover liquidated damages under the statute.

## II.  ARGUMENT

### A.  The Sole Factual Allegation that Kronos Provided the Finger Scan Device to Southwest Is Not Sufficient to Subject Kronos to BIPA under Federal Pleading Standards

The allegations in the Amended Complaint do not comply with Rule 8(a) or meet the basic pleading requirements set forth in *Twombly* and *Iqbal*.  The only well-pleaded factual allegations regarding Kronos are the following:

- Kronos is a leading provider of human resource management software and services that is best known for helping hundreds of thousands of businesses track employee time and process payroll. In Illinois alone, Kronos provides timekeeping systems to thousands of employers, including Southwest.

- Kronos is a Massachusetts corporation registered to do business in Illinois. Upon information and belief, Kronos provides biometric timekeeping devices to Southwest.

(Am. Compl. ¶¶ 2, 18.)  The remaining allegations do not distinguish between the separate conduct of Southwest and Kronos, and amount to unsupported conclusions of law and/or conclusions of fact.  Plaintiffs cannot simply recite BIPA's statutory language and assert *without any factual support as to Kronos* that Defendants or each Defendant collected, possessed and, upon information and belief, disclosed Southwest employee finger scan data to purported unknown third parties in violation of BIPA.  (MTD Mem. at 3–5.)

Plaintiffs complain that Kronos is seeking to impose a heightened pleading requirement because, unlike the allegations against Southwest, the Amended Complaint does not allege when, where, how or to whom Kronos allegedly collected, stored, used and/or disclosed Southwest employee finger scan data.  (MTD Opp. at 7–9.)  Kronos is not seeking to impose a particularized

- 3 -

fraud pleading standard under Rule 9. Kronos seeks dismissal under Rule 8(a) because there are no underlying factual allegations concerning Kronos's conduct aside from the fact that it provided finger scan devices to Southwest, which Southwest then used to enroll its employees in Southwest's own employee database using scans of their fingerprints for timekeeping purposes. (*Compare* Am. Compl. ¶¶ 2, 18 *with* ¶¶ 3–4, 34–35, 47–49.)

That Kronos provided the finger scan devices to Southwest does not support group pleading allegations that "Defendants" or "each Defendant" collects, stores, uses and discloses Southwest employee data in violation of BIPA. (Am. Compl. ¶¶ 11, 33, 38–44, 50–55, 75–76, 80–82, 84–85, 89–92, 94–95, 99–101.) This is collective rather than separate action because there are no well-pleaded factual allegations to put Kronos on notice of its conduct. Moreover, contrary to Plaintiffs' argument, the decisions in *Atkins v. Hasan,* 2015 U.S. Dist. LEXIS 80176, at *7 (N.D. Ill. June 22, 2015) and *Patel v. Fendler*, 2016 U.S. Dist. LEXIS 10160, at *3 (S.D. Ill. Jan. 28, 2016) are pertinent here and support dismissal because the court in each case made clear that a pleading is defective under Rule 8(a) where it contains allegations of collective responsibility without particulars as to each defendant's separate conduct.

Nor does the Amended Complaint meet the pleading requirements set forth in *Twombly* and *Iqbal*. As the Seventh Circuit made clear in *Bank of Am., N.A. v. Knight*, each defendant is entitled to know what it did, and "[a] complaint based on a theory of collective responsibility must be dismissed." 725 F.3d 815, 818 (7th Cir. 2013). The same is true in this case. The ruling in *Knight*, moreover, was not based on fraud pleading standards, as Plaintiffs contend. To the contrary, the Seventh Circuit emphasized that group pleading subjected the claims to dismissal "as a matter of normal pleading standards [because] *Iqbal* and *Twombly* hold that a complaint must be dismissed unless it contains a plausible claim." *Id.* Here, like in *Knight*, there is no plausible claim

because there are no specific facts to support the conclusory allegations that Kronos collects, stores, uses and discloses Southwest employee data in violation of BIPA.

Virtually identical allegations have been held to be insufficient against a third party vendor that provided biometric scanning technology to an employer in order to track employee worked hours and process payroll. In *Bernal*, the circuit court dismissed the BIPA claims under Section 15(a) through (d) because, as in this case, the "Plaintiff failed to allege facts sufficient enough for the Court to property assess Defendant's actual involvement, relative to the biometric scanning technology, *beyond the fact that Defendant supplied [the employer] with the technology*." 17-CH-12364, at 3 (emphasis added); *see also Cameron*, 19-CH-00013, at 34–36 (dismissing BIPA claims against third-party vendor because there needs to be more factual specificity than just a recitation of the statutory requirements).

In addition to improper reliance on group pleading and formulaic recitation of BIPA's statutory language, Plaintiffs further argue that "information and belief" is sufficient when the information lies uniquely within the control of the defendant. (MTD Opp. at 9–10.) That is not the case here, and nowhere do Plaintiffs set forth any underlying factual basis that informs their "information and belief" that Southwest disclosed their finger scan data to Kronos and that Kronos in turn disclosed the data "to other, currently unknown third parties, which host the biometric data in their data centers." (Am. Compl. ¶¶ 36–37.) Such speculative allegations were found to be inadequate in *Bernal* where the complaint likewise alleged that the defendant's technology resulted in the dissemination of biometric data "to third parties, including vendors for timekeeping, data storage, and payroll purposes." 17-CH-12364, at 4–5 (adding that such allegations "fall short of sufficient factual pleading because they are void of any facts to support Plaintiff's allegation that Defendant has violated §15(d)")

- 5 -

Absent a more specific underlying factual basis, the "information and belief" allegations do not raise Plaintiffs' right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Nor is any such "information and belief" reasonable or plausible based on the mere fact that Kronos provided finger scan devices to Southwest. *See also Brickstructures, Inc. v. Coaster Dynamix, Inc*., 2017 U.S. Dist. LEXIS 159681, at *11 (N.D. Ill. Sept. 28, 2017) ("[A]llegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard."); *Oil Express Nat'l v. Burgstone*, 1996 U.S. Dist. LEXIS 16938, at *33 (N.D. Ill. Nov. 13, 1996) ("Since it has failed to allege any factual basis to support its information and belief, Oil Express has failed to allege anything but legal conclusions and has thus failed to establish all of the elements of its claim.").[1]

### B. Kronos Can Rely upon the Alternative Dispute Resolution Defenses Raised by Southwest because Plaintiffs Do Not Allege Any Basis for Independent Liability against Kronos

The claims in the Amended Complaint are preempted by the RLA, subject to Southwest's alternative dispute resolution program, and precluded by a prior mediation agreement to which Kronos is an intended third-party beneficiary. (MTD Mem. at 5–6.) Plaintiffs contend that none of these defenses apply because the claims against Kronos are not derivative of the claims against Southwest and that Plaintiffs adequately allege basis for independent liability against Kronos. (MTD Opp. at 10–11.) Kronos already has explained how its alleged liability under the Amended

---

[1] The speculative nature of Plaintiffs' "information and belief" is further evidenced by the fact that Plaintiffs now contend that the finger scan devices transmitted the biometric data to Kronos-controlled servers for storage. (MTD Opp. at 2, 17.) Contrary to the allegations in the Amended Complaint and the conflicting statements in their opposition brief, Plaintiffs and their counsel are aware that Kronos has not disclosed, let alone received, any Southwest employee finger scan data, given Kronos provided them a declaration in a prior case confirming that it did not host Southwest employee finger scan data or otherwise collect, capture, use, store, disseminate or disclose any such data. *See Battles v. Southwest Airlines, Co. et al.*, No. 18 CH 09376 (Cir. Ct. Cook Cnty., July 25, 2018).

Complaint is predicated solely upon (and is therefore derivative of) Southwest's use of a finger scan device for timekeeping purposes. Accordingly, RLA preemption of the BIPA claims against Southwest applies equally to preempt the claims against Kronos.

Plaintiffs disagree and suggest that Kronos misconstrues the decision in *Mazya v. Northwestern Lake Forest Hosp.*, No. 19-cv-03191, [ECF #39] (N.D. Ill. June 19, 2019). (MTD Opp. at 11–12.) Plaintiffs are wrong. While the court in *Mazya* did not expressly hold that the Seventh Circuit decision in *Miller v. Southwest Airlines Co.*, 2019 U.S. App. LEXIS 17803 (7th Cir. June 13, 2019) supports dismissal of claims against third-party vendors as a matter of law, the *Mazya* court nevertheless relied upon *Miller* to dismiss the BIPA claims against both the employers and the third-party vendors who supplied the biometric devices. Moreover, the vendors in *Mazya* made the same argument that Kronos has raised in this case—that preemption applies where the claims against the vendor arise solely out of the employment relationship and the employer's alleged conduct. Plaintiffs also point out that *Mazya* involved preemption under the Labor Management Relations Act, but that is beside the point given that the court in *Mazya* relied upon the *Miller* decision and that case similarly involved RLA preemption.

Plaintiffs next contend that Kronos seeks to compel arbitration by attempting to reap the benefits of agreements to which it is not a party. (MTD Opp. at 12–13.). Plaintiffs do not, however, distinguish between the agreement to arbitrate the BIPA claims through Southwest's alternative dispute resolution program versus the separate mediation agreement entered into by Plaintiffs Crooms, Lopez and Hill, which requires individual arbitration of their claims. As to Southwest's alternative dispute resolution program, there is no legal basis to proceed with BIPA claims against Kronos when those claims are predicated upon Southwest's conduct and subject to arbitration between Plaintiffs and Southwest.

As to the separate mediation agreement, Kronos need not be an agent of Southwest where it is an intended third-party beneficiary of the agreement. A third party may enforce a contract when the contracting parties intended for the third party to benefit therefrom, including contracts with arbitration provisions. These are the very circumstances involved in *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, where the court affirmed the finding that a non-party was an intended third-party beneficiary of a tenant agreement with an arbitration clause. 319 F.3d 921, 930–31 (7th Cir. 2003) (adding that a third-party beneficiary "is a person who, although not a party to the contract, the contracting parties intended to benefit from the contract").

As in *Catellus*, the parties intended for Kronos to benefit from the mediation agreement. Plaintiffs Crooms, Lopez and Hill stipulated in paragraph 2(e) not to oppose dismissal of the BIPA Action with prejudice and to compel submission of their claims to arbitration pursuant to Southwest's alternative dispute resolution program if the claims were not resolved in mediation. (Southwest MTD Mem. [ECF #34] Ex. C, ¶ 2(e).) Importantly, the "BIPA Action" is defined to mean the prior BIPA class action "*against Southwest and Kronos*." (Emphasis added.) Kronos is therefore entitled to enforce the mediation agreement as a third-party beneficiary. *See also Johnson v. Noble*, 608 N.E.2d 537, 541 (Ill. App. Ct. 1992) (holding that "third-party beneficiary doctrine applies to arbitration agreements").

### C. BIPA Does Not Apply to Third-Party Hardware Vendors, and Plaintiffs' Attempt to Expand the Reach of the Statute Should be Rejected

Even if the Court were to accept the insufficient allegations and overlook the alternative dispute resolution obligations, Plaintiffs have still fallen short of pleading that Kronos is subject to BIPA because the statute does not apply to third-party hardware vendors. (MTD Mem. at 6–11.) Plaintiffs' attempt to extend BIPA's notice and consent requirements beyond their limits is foreclosed by the statute and rejected by the recent decisions in *Bernal* and *Cameron*.

    **1.**     **The Amended Complaint does not plead that Kronos exercised dominion or control over Southwest employee finger scan data for purposes of Section 15(a) and (d)**

Plaintiffs have not adequately alleged that Kronos "possessed" their finger scan data. Section 15(a) and (d) do not apply because a hardware vendor such as Kronos is not in possession of a customer's employee biometric data by virtue of providing finger scan devices for the customer to use in connection with its employee time clocks. (MTD Mem. at 7–8.) Possession requires dominion and control over property, which is nowhere alleged in the Amended Complaint. *Honeywell Int'l, Inc. v. Dep't of Revenue of State of Ill.*, 851 N.E.2d 79, 85 (Ill. App. Ct. 2006) ("[O]ne does not have physical possession of tangible personal property unless he has the ability, at a given time, to exercise dominion and control over that property.").

The Amended Complaint alleges that Southwest has exclusive use of and control over Plaintiffs' finger scan data. (Am. Compl. ¶¶ 3–4, 34–35, 47–49.) Plaintiffs now dispute this construction and contend that Kronos had possession of Southwest employer finger scan data based on allegations "that Kronos captured, collected and stored their biometric data." (MTD Opp. at 13.) Such unsupported conclusions of law and/or conclusions of fact are insufficient regardless of how many times Plaintiffs include a formulaic recitation of BIPA's statutory language. (*See supra* pp. 3–6.) In addition, such allegations do not plausible demonstrate that Kronos exercised dominion and control over the finger scan data, let alone to the exclusion of Southwest. *See also* BLACK'S LAW DICTIONARY (10th ed. 2014) ("possession" is the right under which "one may exercise control over something to the exclusion of all others").

Plaintiffs nevertheless dispute Kronos's lack of possession and claim that such "linguistic contortions are all in service of trying to make [Southwest's] conduct relevant." (MTD Opp. at 13–14.) Southwest's conduct is relevant to Kronos's motion to dismiss, as previously discussed, and Plaintiffs have no response to the Illinois General Assembly's use of the legal term

"possession."  Plaintiffs cannot substitute the language of Section 15(b) for the language in Section 15(a) and (d) or otherwise conflate these separate and distinct provisions.  *Teverbaugh ex rel. Duncan v. Moore*, 724 N.E.2d 225, 229 (Ill. App. Ct. 2000) ("Under the rules of statutory construction, where the drafters use certain language in one instance and different language in another, it is presumed different results were intended.").

Nor can Plaintiffs invent a new factual scenario and amend the Amended Complaint through their response brief to imply or suggest that Kronos and Southwest may have simultaneous possession though copies of the finger scan data.  (MTD Opp. at 14 ("An employer's simultaneous possession of Plaintiffs' biometric data does not mean that Kronos lacked control over its copy.").  Nowhere does the Amended Complaint allege anything about Southwest providing a "copy" of its employee database to Kronos.  Nor can such a conclusion be plausibly inferred from the Amended Complaint—especially when Plaintiffs previously stated that such information lies uniquely within the control of Defendants.  *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) ("[I]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

### 2. Kronos has a privacy policy in compliance with BIPA, and Plaintiffs' construction of Section 15(a) is flawed

Plaintiffs also assert that Kronos's privacy policy does not retroactively cure liability under Section 15(a).  (MTD Opp. at 14–16.)  Section 15(a) does not require that Kronos have a policy in place prior to allegedly possessing Southwest employee finger scan data.  Section 15(a) merely states that a private entity in possession of biometric data "*must develop* a written policy, made available to the public ...."  740 ILCS 14/15(a) (emphasis added).  By contrast, Section 15(b) expressly bars a private entity from collecting a person's biometric data "*unless it first* informs the subject ... [and] receives a written release ...."  *Id.* at 14/15(b) (emphasis added).  Had the General

- 10 -

Assembly intended for the policy to come first, it would have drafted Section 15(a) more akin to Section 15(b), which it did not do.  *See also Bernal*, 17-CH-12364, at 3–4 ("Notwithstanding the requirement that a private entity in possession of biometric information have an established retention schedule and destruction guidelines, there is no explicit requirement that the schedule exist 'prior to' possession of biometrics information.").

  **3.**  **The written release required by Section 15(b) arises in the context of employment, and Plaintiff's construction of that provision is not <u>consistent with the statute</u>**

  Kronos is not subject to Section 15(b) because it does not collect, capture, purchase, receive through trade or otherwise obtain Southwest employee finger scan data, and there are no well-pleaded allegations to support these conclusions.  Nor could there be, given that these functions are performed exclusively by Southwest.  (Am. Compl. ¶¶ 3–4, 34–35, 47–49.)  Kronos, moreover, cannot plausibly comply with BIPA's notice and consent requirements because it has no relationship with Southwest employees and cannot obtain a written release as a condition of employment.  (MTD Mem. at 9–10.)

  Plaintiffs point out that there are two separate ways to define a written release under BIPA and that Section 15(b) does not apply exclusively to employers.  (MTD Opp. at 16–17.)  Kronos does not contend that Section 15(b) applies exclusively to employers.  Nor does Kronos deny that BIPA defines a written release as "informed consent or, in the context of employment, a release executed by an employee as a condition of employment."  740 ILCS 14/10.  However, this case does not involve collection of biometric data in a commercial setting or other context in which BIPA may apply, such as a security screening or financial transaction.  740 ILCS 14/5.  Regardless of Kronos's involvement as the provider of the finger scan device, this case involves Southwest's use of time clocks in the context of employment to track employee time and process payroll.  As the *Bernal* court concluded:

- 11 -

> Moreover, from the facts as they are alleged, the Court can infer that this case fits squarely within an employment context. All of Plaintiff's claims stem from [employer's] requirement that employees participate in biometric scanning technology. That [employer] obtained the technology from Defendant does not remove Plaintiff's case from existing within the context of his employment by [employer].

17-CH-12364, at 2. Accordingly, the written release applicable here mandates that it be executed by Southwest employees as a condition of employment and does not extend past the point of initial collection to third party hardware vendors like Kronos. *Id.*

The requirements of Section 15(b) also illustrate that the Illinois General Assembly did not intend for this provision to apply to Kronos. Indeed, a third-party hardware vendor that allegedly receives a customer's employee data after collection has no relationship with or access to those employees, let alone any legal right to require or obtain an executed release as a condition of employment. The vendor does not even have opportunity to inject itself into the employer-employee relationship and unilaterally dictate how its customer should comply with BIPA's notice and consent requirements. 740 ILCS 14/15(a)–(b).

Plaintiffs nevertheless contend that Section 15(b) applies to all entities that possess biometric data "no matter the source or the manner of collection." (MTD. Opp. at 17–19.) Plaintiffs are incorrect. Applying Section 15(b) to all possessors without limitation or qualification ignores the General Assembly's careful construction of the various provisions to differentiate between the term "possession" in Section 15(a), (c), (d) and (e) versus "collection" in Section 15(b). The plain reading and clear import of the text is that Section 15(b)—unlike the other subsections—applies only to private entities engaged in the active or direct procurement of biometric data from persons with whom they have a relationship or dealing. It does not apply to downstream possessors. *Bernal*, 17-CH-12364, at 2–3 (recognizing the distinction between "possession" and "collection," and holding that it would be absurd to suggest that the legislature

intended to apply Section 15(b) to a third party that provides biometric scanning timeclock technology when it has no direct relationship to its customers' employees to obtain written releases as a condition of employment); *Cameron*, 19-CH-00013, at 33–34 (dismissing Section 15(b) claim with prejudice because the provision only applies to an employer and not a third party based on plain language of the statute).

Plaintiffs also contend that Section 15(b) is not limited to direct or active possessors based on the "otherwise obtain" language. Kronos construes this phrase consistent with the list of preceding terms. Plaintiffs, on the other hand, suggest that the intent of "otherwise obtain" is to expand the scope of the provision beyond the list of preceding terms to encompass anyone that comes into contact with biometric data under any set of circumstances. (MTD Opp. at 18–19.) Plaintiffs' approach was rejected by the courts in *Bernal* and *Cameron* for the reasons set forth above. It also ignores the cardinal rule of statutory construction known as *ejusdem generis*, whereby the word "other" is interpreted to mean "other such like" when a statutory clause describes several classes of things and then includes other things. *Pooh-Bah Enters. v. Cnty. of Cook*, 905 N.E.2d 781, 799 (Ill. 2009).

Rather than follow statutory construction, Plaintiffs instead look to the Pay by Touch bankruptcy to support the argument that the General Assembly intended to impose the written release requirements of Section 15(b) on companies that do not actively collect, capture, purchase or receive biometric data through trade. (MTD Opp. at 19–20; *see also id.* at 4, 21.) Plaintiffs' interpretation of legislative history is wrong. Nothing in the General Assembly's comments about the Pay by Touch bankruptcy demonstrates an intent to apply Section 15(b) to third-party vendors that come into possession of biometric data after the collection has occurred. The legislative findings address the sale of biometric data—which is prohibited in Section 15(c) of the statute. These findings say nothing about the need for the bankruptcy purchaser of Pay by Touch's data to

- 13 -

obtain a written release from each Pay by Touch customer prior to purchasing the data.  740 ILCS 14/5; *see also* H.R., 95th Gen. Assembly, Transcription Debate, at 249 (May 30, 2008) (Ryg., Rep.) (stating that the California Bankruptcy Court "recently approved the sale of their Pay by Touch database.  So, we are in very serious need of protections for … biometric information," including "prohibiting the sale of biometric information.") *available at* http://www. ilga.gov/ house/transcripts/htrans95/09500276.pdf.[2]

### 4. Plaintiffs conflate the separate provisions in Section 15(d) and (e) because transmitting finger scan data for storage in a data center does not constitute a prohibited disclosure

Plaintiffs allege on "information and belief" that Kronos discloses Southwest employee finger scan data to unknown third parties that host the data in their data centers.  (Am. Compl. ¶ 37.)  Not only is this allegation false, it is inconsistent with Plaintiffs' opposition brief where Plaintiffs claim that the finger scan devices transmit biometric data to Kronos-controlled servers for storage. (MTD Opp. at 2, 17.)  Notwithstanding the inconsistency, allegedly transmitting finger scan data to a data center for storage does not constitute a "disclosure" in violation of Section 15(d).  It constitutes permissible conduct under Section 15(e).

The terms "disclose" and "transmit" do not mean the same thing for purposes of BIPA. Like the distinction between possession and collection, the Illinois General Assembly's use of these terms have distinct meanings and impose separate requirements.  The statute prohibits the disclosure of biometric data in Section 15(d) with certain exceptions where there is consent, to

---

[2] Extending Section 15(b) in the manner proposed by Plaintiffs would lead to absurd results, as any third party taking possession of or having access to a finger scan device or Southwest's employee database to troubleshoot or repair the equipment (among other examples) would need to obtain written releases when it is sufficient for Southwest to obtain the necessary consent from employees who have the right to withhold it.  *Bernal*, 17-CH-12364, at 2 n.9.  Moreover, absent such compliance, class members will be seeking upwards of triple or quadruple the liquidated damages under the statute.  Plaintiffs' construction of Section 15 is not what the Illinois Supreme Court envisioned when it stated that BIPA "[c]ompliance should not be difficult."  *Rosenbach*, 2019 IL 123186, ¶ 37.

complete a financial transaction, as required by law or municipal ordinance, and pursuant to a valid warrant or subpoena.  740 ILCS 14/15(d)(1)–(4).  By contrast, Section 15(e) permits private entities to store, transmit and protect such data from disclosure provided they use the reasonable standard of care within the relevant industry and do so in a manner that is the same as or more protective than the manner in which they store, transmit and protect other confidential and sensitive information.  *Id.* 14/15(e)(1)–(2).

Plaintiffs conflate these terms and provisions to the extent they allege that Kronos violated Section 15(d) by transferring Southwest employee finger scan data to unknown data centers for storage.  If transmitting finger scan data for storage constituted a disclosure, then private entities could never transmit biometric data and protect it from disclosure as provided in Section 15(e).  *Compare* 740 ILCS 14/15(d)(1)–(4) *with* 14/15(e)(1)–(2).  Moreover, while they use the term "disclose," Plaintiffs do not allege that the purported unknown data centers have access to or can view the finger scan data and, therefore, do not adequately allege a violation of Section 15(d).  *See also* BLACK'S LAW DICTIONARY (10th ed. 2014) ("disclose" means to make something known or public (to reveal) while "transmit" means to send or transfer a thing from one person or place to another); *Bernal*, 17-CH-12364, at 4 ("Defendant provides a compelling argument [that] allowing biometric information to pass to data storage vendors and payroll services does not qualify as instances of 'disclosure' or 'dissemination' under BIPA, but should be considered a form of mere transmission.").  Nor do Plaintiffs plead a violation of Section 15(e).[3]

---

[3] The distinction between "disclose" and "transmit" is logical under the statutory framework in that, as Plaintiffs allege, storing biometric data does not risk serious or irreversible privacy risk unless the finger scan data is hacked, breached or otherwise exposed.  (Am. Compl. ¶ 6.)  The reasonable care standard in Section 15(e) protects against this concern, while a disclosure under Section 15(d) requires consent from the subject of the biometric data given the potential ramifications of disclosure.  Again, where legislation uses certain words in one instances and different language in another, it is presumed different results are intended.  *Teverbaugh*, 724 N.E.2d at 229.

- 15 -

### D. Payment in Exchange for Work Is a Payroll Financial Transaction That Was Authorized by Plaintiffs for Purposes of Section 15(d)(2)

BIPA allows a defendant to disclose, redisclose or disseminate a person's biometric data to complete "a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(2). Plaintiffs first note that Kronos "apparently admits that it disseminated Plaintiff's biometric data to third parties." (MTD Opp. at 20, n.8.) This statement is false and misleading. Kronos has not gone beyond attacking the unsupported and insufficient "information and belief" allegations concerning disclosure because it would be improper to do so on a Rule 12(b)(6) motion to dismiss. (MTD Mem. at 2–3, 5, 10; *see also id.* at 1, n.1.) Kronos nevertheless made clear at the outset of its motion that Plaintiffs' "information and belief" is not informed, given that Plaintiffs and their counsel were provided a declaration in a prior case confirming that Kronos did not host Southwest employee finger scan data or otherwise collect, capture, use, store, disseminate or disclose any such data. (*Id.* at 1–2.)

Even if the "information and belief" allegation concerning disclosure is sufficient for purposes of Section 15(d), any purported disclosure would have been for the purpose of completing a payroll financial transaction based on the allegations of the Amended Complaint and, therefore, falls squarely within the exception under Section 15(d)(2). (MTD Mem. at 10–11.) The court in *McGinnis v. U.S. Cold Storage, Inc.*, went so far as to question the applicability of BIPA to a third-party payroll vendor such as Kronos in the context of evaluating Article III standing, and it intimated that disclosure to a payroll vendor might not even be subject to the Act. 2019 U.S. Dist. LEXIS 848, at *9 (N.D. Ill. Jan. 3, 2019).

Plaintiffs do not focus on the financial transaction, and they instead dispute whether the disclosure was requested or authorized. (MTD Opp. at 20–21 ("[T]he court need not divine the

definition of 'financial transaction' in BIPA ….").)  Plaintiffs contend that Kronos did not obtain

consent.  However, unlike the provisions of Section 15(b), the Section 15(d) exclusions do not

require written consent informing Plaintiffs that biometric data is being collected.  Kronos need

demonstrate only that Plaintiffs requested or authorized the transaction.  740 ILCS 14/15(b)(2).

The allegations in the Amended Complaint establish that Plaintiffs approved the financial

transaction because Plaintiffs voluntarily used the finger scan device throughout their tenure of

employment, knowing it would track their time to process payroll so they would get paid.  (Am.

Compl. ¶¶ 2–3, 34–35, 47–49.)

> ### E. BIPA Is Not a Strict-Liability Statute, and Plaintiffs Cannot Disavow Their Pleading Burden to Allege Entitlement to Liquidated Damages by Pursuing <u>a Technical Violation of the Act</u>

BIPA requires a negligent, willful or reckless violation to support an award of liquidated

damages.  740 ILCS 14/20 (1)–(2).  Yet, nowhere do Plaintiffs plead any specific facts that would

plausibly support a finding that Kronos negligently, willfully or recklessly violated any provision

of the Act.  Plaintiff's bare legal conclusions are insufficient.  Moreover, liquidated damages are

intended to be an estimate of actual damages, which Plaintiffs do not plead and cannot recover

because they suffered no injury or harm.  (MTD Mem. at 11–14.)

Plaintiffs do not dispute that the Amended Complaint lacks factual allegations supporting

a negligent, willful or reckless violation of BIPA.  Plaintiffs instead argue that the provisions of

Section 20 are not substantive pleading requirements, but are merely "the standard for measuring

culpability."  (MTD Opp. at 21–24.)  This argument is convenient and amounts to an improper

disavowal of Plaintiffs' pleading burden.  Plaintiffs cannot overlook the express requirements of

the statute.  Moreover, if Plaintiffs need not plead and prove a negligent, willful or reckless

violation, the implication is that BIPA is a strict-liability statute that allows recovery of liquidated

damages for noncompliance because every violation would at least amount to a negligent violation under Plaintiffs' theory of recovery.

A plaintiff may seek recovery for a technical violation of BIPA if he or she is "aggrieved by a violation of the Act." 740 ILCS 14/20. A plaintiff must separately plead and prove a negligent, willful or reckless violation in order to recover liquidated damages. *Id.* at 14/20(1)–(2). This is consistent with the ruling in *Rosenbach*, where the Illinois Supreme Court held that an individual whose biometric data is collected, retained or used in violation of Section 15 is "aggrieved" and "entitled to *seek* recovery." 2019 IL 123186, ¶ 33 (emphasis added). However, in order to recover liquidated damages, a plaintiff also must plead and prove the elements under Section 20(1) or (2). To hold that these provisions are not elements of a claim is contrary to the plain language of the statute (MTD Mem. at 12) and the decision in *Rivera v. Google Inc.*, in which the court held that BIPA "only subjects violators to statutory damages if there is negligence or willfulness." 238 F. Supp. 3d 1088, 1104 (N.D. Ill. 2017).[4]

Plaintiffs further argue that requiring them to plead a negligent, willful or reckless violation would "effectively bar virtually all putative plaintiffs from ever stating a claim for liquidated damages, which is clearly not what the Illinois legislature intended …." (MTD Opp. at 23.) First, Plaintiffs provide no support for what the General Assembly intended, and the Court should follow the plain language of the statute without rendering the words meaningless, redundant or superfluous. *Rivera*, 238 F. Supp. 3d at 1093; *In re Hernandez*, 918 F.3d 563, 569 (7th Cir. 2019).

---

[4] The Illinois Supreme Court in *Rosenbach* did not address pleading requirements to recover liquidated damages under Section 20(1) and (2). The review was limited to two narrow certified questions regarding what it means to be an "aggrieved person" under the statute. 2019 IL 13186, ¶ 18. In accordance with Illinois Supreme Court Rule 308, certified questions constrain what the Court may consider and decide. *Long v. Elborno*, 397 Ill. App. 3d 982, 988 (1st Dist. 2010). As a result, the *Rosenbach* decision could not address the issue of liquidated damages or the corresponding need to plead and prove actual damages in connection therewith. The same is true with respect to the holding in *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 84.

Second, courts consistently hold that a plaintiff must plead and prove elements of statutory claims that include negligence, recklessness and intent. *See Huggins v. SpaClinic, LLC*, 2010 U.S. Dist. LEXIS 23418, at *2–7 (N.D. Ill. Mar. 11, 2010) (dismissing a claim under the Fair and Accurate Credit Transactions Act because plaintiff failed to allege a "knowing or reckless violation"); *Braun v. Client Servs., Inc.*, 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) (collecting cases establishing that plaintiff must plead and prove specific facts evincing negligence or willfulness to state a claim under the Fair Credit Reporting Act).

Plaintiffs do not dispute that the Amended Complaint fails to allege actual damages. Instead, relying upon the *Rosenbach* decision, Plaintiffs contend that "[a] showing of actual damages is not necessary ...." (MTD Opp. at 24; Am. Compl. ¶¶ 55, 61.) This is incorrect. As discussed above, *Rosenbach* is limited to the certified questions regarding what it means to be an "aggrieved person" under Section 20 when only a technical violation of the statute is alleged without any injury or harm. 2019 IL 13186, ¶ 33 (holding that an individual whose biometric data was collected, retained or used in violation of Section 15 is "aggrieved" and "entitled to seek recovery" under Section 20). Here again, Plaintiffs attempt to improperly construe BIPA as a strict-liability statute.[5]

---

[5] Plaintiffs do not respond to the case law cited by Kronos refusing to award liquidated damages for technical violation of federal data privacy statutes where the plaintiffs did not incur actual damages because liquidated damages are intended to be an estimate of actual damages. (*See* MTD Mem. at 13–14.)

### III. CONCLUSION

For all the foregoing reasons and those previously set forth in its memorandum of law, Defendant Kronos Incorporated requests that the Court grant its Rule 12(b)(6) and Rule 12(b)(3) motion to dismiss or, in the alternative, grant its Rule 12(f) motion to strike.

Respectfully submitted,

KRONOS INCORPORATED

By: /s/ Joseph A. Strubbe

      Joseph A. Strubbe
      Frederic T. Knape
      Zachary J. Watters
      VEDDER PRICE P.C.
      222 N. LaSalle Street
      Chicago, IL  60601-1003
      312/609-7500
      jstrubbe@vedderprice.com
      fknape@vedderprice.com
      zwatters@vedderprice.com

      *Attorneys for Defendant Kronos Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing **Defendant Kronos Incorporated's Reply in Support of Motion to Dismiss or, Alternatively, to Strike Amended Class Action Complaint** was electronically filed with the Clerk of Court on August 27, 2019 using the CM/ECF system that will send notification of the filing to all parties of record.

/s/ Joseph A. Strubbe